STATE OF NEBRASKA, APPELLEE, V. SANDY PATRICK
KERNS, APPELLANT.

278 N. W. 2d 348

Filed May 1, 1979. No. 42255.

Renne Edmunds of Knowles & Edmunds, for appellant.

Paul L. Douglas, Attorney General, and Sharon M. Brueggemann, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

WHITE, J.

This is a post conviction action by the appellant. He seeks to have vacated a sentence of 5 to 10 years for robbery and a 10-year sentence for rape. The basis of appellant's claimed right to post conviction relief is an alleged ineffectiveness of counsel in two respects. First, that the trial counsel allegedly failed to advise the defendant of the possibility of the suppression of the results of a lineup held at the Omaha police station. Second, that the counsel had

a conflict of interest with a codefendant. After a hearing, the trial court denied post conviction relief. Appellant appeals. We affirm.

On the day he was to stand trial for two counts of armed robbery and two counts of forcible rape, the defendant, through his attorney, William Campbell, a staff member of the public defender's office of Douglas County, agreed to plead guilty to one count of robbery and one count of rape. The county attorney agreed to drop an additional count of rape and one of robbery. The trial court made an extended inquiry and gave an explanation of the defendant's constitutional rights, the pleas that could be entered, the possible sentences, and the factual basis for the plea. Appellant does not contend in this court that the proceedings did not comply fully with the standard set forth in State v. Turner, 186 Neb. 424, 183 N. W. 2d 763 (1971). Essentially the appellant complains his counsel did not inform him prior to his plea of the possibility of suppression of identification evidence when he had a reasonable basis to believe that a motion to suppress would have succeeded under United States v. Wade, 388 U. S. 218, 87 S. Ct. 1926, 18 L. Ed. 2d 1149 (1967).

The test for determining whether or not counsel for a defendant in a criminal prosecution has provided adequate representation is that "trial counsel perform at least as well as a lawyer with ordinary training and skill in the criminal law in his area, and that he conscientiously protect the interests of his client." State v. Leadinghorse, 192 Neb. 485, 222 N. W. 2d 573 (1974).

In his testimony relating to the matter, Mr. Campbell testified candidly that he did not remember but he felt he would have discussed with the appellant the fact that there may have been a basis for challenging the identification proceedings. At the arraignment, the following colloquy took place: "THE

COURT: Is there any questions involved of Miranda, any statements made in custody, or competency of witnesses to indentify the Defendant under Wade, and other decisions? MR. Campbell: There is no Miranda issue. There is an identification issue as a part of the State's case. There presumably could have been a Wade hearing.''

At the same hearing, however, a further exchange took place: ''THE COURT: In your opinion, would the victim in the rape charge be competent to testify, and identify the Defendant? MR. Ryberg (County Attorney): The preliminary hearing is replete with excellent identification. THE COURT: Was there any lineup involved? MR. Ryberg: Yes. THE COURT: Did it meet the test required by Wade, and other decisions? MR. Ryberg: If I remember right, it was a four or five man lineup at the time. THE COURT: If the case, on either count, were tried to the Court, or to the jury, would a conviction result? MR. Ryberg: I believe so, Your Honor. THE COURT: Is that your understanding of the evidence the State has in this case? MR. Campbell (Appellant's counsel): Yes, exactly, Your Honor. THE COURT: In your opinion would the victim in the rape charge be able to take the stand competently, identify the Defendant, and further that if the case were tried to a jury, or to the Court, considering the plea arrangement, would there be such a likelihood of conviction occurring on each count; that it favors him to waive his Constitutional Right to trial, and the entry of these pleas? MR. Campbell: Yes, Your Honor. I was at the preliminary hearing. I cross examined (the rape victim) * * * as to Count Three, and Ollah Johnson (the robbery victim) as to Count Two. I am convinced conviction would be the result of the trial.'' The correctness of these statements by appellant's counsel was not disputed at the post conviction hearing.

It is evident counsel for the appellant recognized the possibility of a motion to suppress but considered the likelihood of its success to be minimal. The court below in this action concurred in counsel's opinion.

In an exhaustive and complete memorandum detailing its findings of fact and conclusions of law, the court analyzed the evidence with respect to the line-up procedure at the Omaha police station and determined, in fact, that such Wade hearing would not have resulted in the suppression of the evidence in any circumstance.

Furthermore, the trial court at the arraignment addressed the appellant on this very issue: "THE COURT: I do want you to understand, as far as the competency of any witnesses to be able to identify you, you would ordinarily, under a plea of not guilty, be entitled to have the Court hear, in advance of such witnesses taking the stand, to have the Court hear the evidence as to the manner in which they picked you out, so to speak, or the manner in which they would purport to identify you as the party involved in the crimes with which you are charged to here in advance of their taking the stand to determine whether or not all of your Constitutional Rights, and the requirements made by Supreme Court cases were fulfilled, and upheld in the way in which they would be able to identify you. If you enter a plea of guilty as to those two counts at this time, you are adjudged convicted of those two crimes, you would also waive, or give up your right to have that hearing, have the Court determine that. Do you understand what I am saying? THE DEFENDANT: Yes."

In view of the eyewitness identification by the two victims of the crimes, the likelihood of conviction, the favorable plea bargain arranged by counsel, and the patient explanation by the court specifically addressed to the rights of the appellant now raised, the

suggestion that the appellant's plea of guilty was somehow either induced by the failure of counsel to move to suppress the eyewitness identification or that such failure to file a Wade motion indicated a lack of competence of counsel is patently frivolous.

The trial court found, as we find, that the appellant not only knowingly waived his rights to a suppression hearing, but that the hearing would not have resulted in the suppression of the identification, and that absent such suppression, the likelihood of conviction was strong. The challenge to the competency of appellant's counsel was unwarranted and totally devoid of merit.

The second aspect in which appellant argues ineffectiveness of counsel is that counsel had a conflict of interest. The alleged conflict was the representation by Mr. Campbell (appellant's counsel from the Douglas County public defender's office) of Mark Allen Smith, a codefendant.

Smith stood charged with the same crimes as the appellant, i.e., two counts of robbery and two counts of rape. Pursuant to a plea bargain, Smith plead guilty to one count of robbery. Both counts of rape and the other robbery count were dismissed. As related above, only one of the counts of rape was dismissed under the plea bargain negotiated for the appellant. Appellant cites the more favorable plea bargain obtained by Smith as evidence of the alleged conflict of interest. This difference in treatment is sufficiently explained, if it need be explained, by the fact, found by the trial court, that the victim of the rape could not positively identify Smith, while she clearly could identify the appellant. This is a sufficient difference to have justified the differences in the plea bargains. Acquiring or permitting a single attorney to represent codefendants, often referred to as joint representation, is not per se violative of the constitutional guarantees of effective assistance of counsel. See Holloway v. Arkansas, 435 U. S. 475, 98

S. Ct. 1173, 55 L. Ed. 2d 426 (1978). It is necessary that the appellant show the conflict of interest actually existed. The appellant points to a statement made by appellant's counsel at the time of sentencing of Smith: "The problem here is that my client (Smith) is *tainted* by the other charges, *by the other defendants*, by the multiple counts, by the complexity of the whole matter. This Court knows all about that. We stand convicted on the robbery of Olaful Jonsson [sic]. He was present at that time. There was a toy pistol used, and my client was in the car at the time of Sandy Kern's holding a toy pistol and/or a knife on Mr. Olaful Jonsson." (Emphasis supplied.)

Mr. Campbell was asked to, and did explain the remark to the trial court in this post conviction action: "I think I meant that he was tainted because of the complexity of the matter, meaning number of defendants, number of counts, the fact that it is so often difficult for a defense counsel to get the sentencing judge to zero in on one felony count in the disposition of it * * *."

The trial court, in the order denying the appellant's motion for post conviction, reviewed the evidence and determined: "This court does not see any such bias in counsel's remarks to the court at sentencing of either defendant, concludes that the plea bargain arranged by counsel on both defendants was definitely in their respective best interests. Counsel's statement to the court at Smith's sentencing that defendant Kerns was holding a pistol or knife in the Jonsson robbery is clear from the records of the presentence report and he was only asking the court to attempt to obviate the natural tendency to add to the seriousness of the single conviction, the multiple counts, and the defendants involved. At defendant's sentencing counsel placed his client in the best light he could, namely, that he is a young man in need of medical and psychologi-

cal help. There is no indication that he did not show the same conscientious protection of the interests of the defendant as he did in representing Smith." No conflict of interest is apparent from the face of the record and none has been shown to us. The judgment of the trial court is affirmed.

AFFIRMED.