STATE OF NEBRASKA, APPELLEE, V. ROY K. LYMAN, APPELLANT.

432 N.W.2d 43

Filed November 23, 1988.   No. 88-033.

Thomas M. Kenney, Douglas County Public Defender, and Timothy P. Burns for appellant.

Robert M. Spire, Attorney General, and Mark D. Starr for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

The defendant, Roy K. Lyman, was originally charged with two counts of attempted first degree murder, first degree assault, second degree assault, and four counts of use of a knife in the commission of a felony. Pursuant to a plea bargain, the defendant pleaded guilty to an amended information charging two counts of first degree assault and one count of use of a knife in the commission of a felony. He was sentenced to imprisonment for 5 to 10 years on each count, the sentences to run consecutively, with credit for 206 days' jail time on the sentence on count I.

The defendant has appealed and contends his pleas were not voluntary because at his arraignment the trial court did not advise him that, under Neb. Rev. Stat. § 28-1205(3) (Reissue 1985), it was mandatory that the sentence on count II, use of a

knife in the commission of a felony, be consecutive to any other sentence imposed.

All three counts of the amended information alleged Class III felonies punishable by imprisonment for 1 to 20 years, or a fine of up to $25,000, or both. Neb. Rev. Stat. § 28-105 (Reissue 1985). At the arraignment the trial court advised the defendant as to the range of penalties as follows:

Q. Do you understand that the possible punishment under each of these charges is imprisonment for not less than one nor more than 20 years?

A. Yes.

Q. And a fine of up to $25,000?

A. Yea.

Q. Either and/or on each one of them. Do you understand that further they could be stacked, if you will, in other words, they could be made to run one after the other and the fines could be tripled, in other words, $25,000, up to 25,000 on each one of them? Do you understand that?

A. Yes.

Q. So you're talking about a possibility of up to as high as three to 60 years on the imprisonment. Do you understand that?

A. Yes, sir.

In *State v. Irish*, 223 Neb. 814, 394 N.W.2d 879 (1986), the defendant was sentenced to imprisonment for 1 year for second degree forgery, the sentence to run consecutively to a 5- to 10-year sentence for manslaughter the defendant was then serving. On appeal, the defendant claimed his plea of nolo contendere was not made intelligently and voluntarily because the trial court failed to inform him that the forgery sentence might run consecutively to the manslaughter sentence. We held that it was sufficient for the trial court to explain the possible range of penalties for each crime and that it was not necessary to explain that each sentence might run concurrently or consecutively to any other sentence imposed.

The defendant relies on *State v. Golden*, 226 Neb. 863, 415 N.W.2d 469 (1987), in which the defendant was charged with third degree assault on an officer and use of a firearm in the

commission of a felony. Upon pleas of guilty to both charges, the defendant was sentenced to 3 years' probation, including 90 days in jail. We held that the failure to inform the defendant that any sentence on the use of a firearm count must be made consecutive to any other sentence made the pleas involuntary.

The distinction in this case is that the trial court informed the defendant that the sentences could be "up to as high as three to 60 years." In fact, the minimum sentence, if the defendant was not placed on probation, could have been 2 years, since the sentences on counts I and III could have been made to run concurrently.

The purpose of the rule requiring that the defendant be advised of mandatory consecutive sentencing is "to apprise the defendant of the minimum time he will serve in prison so that his plea of guilty is given with full knowledge of the consequences." *People v Mitchell*, 102 Mich. App. 554, 557, 302 N.W.2d 230, 231 (1981). In this case the defendant was advised that the minimum sentence would be 3 years.

While it was error to fail to inform the defendant that it was mandatory that the sentence on count II run consecutively to any other sentence imposed, it was not prejudicial because the defendant was informed that his combined minimum sentence would be at least 3 years. Under these circumstances, the error was not prejudicial and does not require that the judgment be reversed.

The judgment is affirmed.

AFFIRMED.

WHITE, J., dissenting.

I agree with the majority that it was error to fail to inform the defendant that it was mandatory that the sentence on count II run consecutively to any other sentence imposed. However, based on *State v. Golden*, 226 Neb. 863, 415 N.W.2d 469 (1987), I feel the majority is incorrect in holding that this error is not prejudicial just because the defendant knew the sentences "could be stacked" and that he could serve "a possibility of up to as high as three to 60 years on the imprisonment."

In addition to the requirements set out in *State v. Irish*, 223 Neb. 814, 394 N.W.2d 879 (1986), and as we held in *Golden, supra*, it is prejudicial error if the defendant is not informed of

the minimum sentence or that the applicable sentencing statute mandates each sentence to run consecutively to any other sentence imposed.

SHANAHAN, J., joins in this dissent.