STATE OF NEBRASKA, APPELLEE, V. ROY K. LYMAN, APPELLANT.
492 N.W.2d 16

Filed November 20, 1992.    No. S-91-112.

Mark A. Weber, of Walentine, O'Toole, McQuillan & Gordon, for appellant.

Roy K. Lyman, pro se.

Don Stenberg, Attorney General, and Mark D. Starr for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

Roy K. Lyman appeals the district court's denial of his motion for postconviction relief. See Neb. Rev. Stat. § 29-3001 et seq. (Reissue 1989). The district court found that Lyman had failed to meet his burden of showing that his constitutional rights had been denied by his 1987 guilty-plea convictions and therefore denied him relief on the motion. We affirm.

This is Lyman's second appearance before this court. In *State v. Lyman*, 230 Neb. 457, 432 N.W.2d 43 (1988) (*Lyman I*), we affirmed Lyman's convictions of two counts of first degree assault and one count of use of a knife in the commission of a

felony. Lyman had originally been charged with eight felony counts for stabbing his two infant daughters, his ex-wife, and his ex-wife's boyfriend. Pursuant to a plea bargain, the charges were reduced to the three listed above, and Lyman pled guilty. He was sentenced to 5 to 10 years in prison on each count, with the sentences to run consecutively.

After we affirmed his convictions, Lyman filed a motion for postconviction relief in the Douglas County District Court. The district court determined that the 20-page motion, which is not before us, alleged ineffective assistance of counsel, in violation of Lyman's constitutional right to counsel. The motion apparently alleged that counsel had inappropriately (1) failed to investigate the admissibility of Lyman's confession to police; (2) failed to move to suppress the confession; (3) failed to have a hearing on Lyman's competency to plead guilty; and (4) failed to discuss possible defenses, including the insanity defense, with Lyman.

The district court held that Lyman had not met his burden of alleging facts sufficient to show that his rights had been constitutionally violated and thus denied Lyman relief. The court refused to grant an evidentiary hearing on the postconviction motion, and Lyman perfected this appeal.

Through his own pro se brief and the brief of his appellate counsel, Lyman alleges several errors by the district court. Lyman's first assignment of error alleges that the district court erred in failing to find that Lyman had been denied effective assistance of counsel by his original counsel's failure to perform the previously mentioned actions that Lyman had listed in his motion for postconviction relief.

Lyman next alleges that his guilty plea was not knowing and voluntary because (1) counsel failed to advise Lyman of the mandatory consecutive nature of the sentences for the crimes to which he pled guilty, (2) counsel failed to apprise Lyman of the minimum time he would serve in prison, and (3) the trial court inadequately informed Lyman of the possible sentences which could be imposed for the crimes charged. Lyman further alleges that it was error not to grant an evidentiary hearing on the ineffectiveness and voluntariness issues. Finally, Lyman alleges that his rights were violated because the information that

charged Lyman was constitutionally inadequate and because he was not allowed to review and contest his presentence report.

## INEFFECTIVE ASSISTANCE OF COUNSEL

The most problematic points raised by Lyman involve the alleged ineffective assistance of his trial counsel. Lyman first alleges that counsel erred by failing to investigate the confession Lyman made to police and by failing to move to suppress the confession. Lyman's second ineffective assistance claim stems from his counsel's failure to have a hearing on Lyman's competency to plead guilty and his counsel's alleged failure to discuss the insanity defense with Lyman. Lyman asserts that the district court erred by refusing an evidentiary hearing on the effectiveness of Lyman's counsel.

Under the Nebraska Postconviction Act, a defendant who moves for relief must allege facts that, if proved, constitute a violation or denial of the defendant's constitutional rights, thereby rendering the judgment against the movant void or voidable. *State v. Start*, 229 Neb. 575, 427 N.W.2d 800 (1988). An evidentiary hearing on a motion for postconviction relief is not required if the motion alleges only conclusions of fact or law or if the record and files in the case affirmatively establish that the defendant is not entitled to relief. *State v. Keithley*, 238 Neb. 966, 473 N.W.2d 129 (1991); *Start, supra*.

Normally, a voluntary guilty plea waives all defenses to a charge. However, a court will consider an allegation that the plea was the result of ineffective assistance of counsel. *State v. Russell*, 239 Neb. 979, 479 N.W.2d 798 (1992) (citing *State v. Stranghoener*, 212 Neb. 203, 322 N.W.2d 407 (1982)).

The standard of review for an ineffective assistance of counsel claim is well defined:

> " 'A defendant seeking postconviction relief has the burden of establishing a basis for such relief, and the findings of the district court will not be disturbed on appeal unless clearly erroneous. [Citations omitted.]
> " 'When the defendant in a postconviction motion alleges a violation of his constitutional right to effective assistance of counsel as a basis for relief, the standard for determining the propriety of the claim is whether the

attorney, in representing the accused, performed at least as well as a lawyer with ordinary training and skill in the criminal law in the area. Further, the defendant must make a showing of how the defendant was prejudiced in the defense of his case as a result of his attorney's actions or inactions.' " '

". . . '[T]o sustain a claim of ineffective assistance of counsel as a violation of the sixth amendment to the U.S. Constitution and thereby obtain reversal of a defendant's conviction, the defendant must show that (1) counsel's performance was deficient and (2) such deficient performance prejudiced the defense, that is, a demonstration of reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different.' . . ."

*State v. Gagliano*, 231 Neb. 911, 914-15, 438 N.W.2d 783, 786 (1989) (quoting *State v. Jones*, 231 Neb. 110, 435 N.W.2d 650 (1989)).

When a conviction involves a guilty plea, the prejudice requirement is satisfied if the defendant shows a reasonable probability that, but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty. *Hill v. Lockhart*, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985); *State v. Wakeman*, 231 Neb. 66, 434 N.W.2d 549 (1989). The entire ineffectiveness analysis is viewed with the strong presumption that counsel's actions were reasonable, and even if found unreasonable, the error justifies setting aside the judgment only if there was prejudice. *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

We first apply the ineffective assistance analysis to the allegations regarding Lyman's confession. At the plea hearing, after the trial court had meticulously explained Lyman's rights to him, including the fact that a statement made before a suspect's *Miranda* rights are read to him or her is inadmissible, Lyman stated that he had not been read his rights before confessing. The following exchange then occurred:

[The court:] What I'm trying to say is the county attorney had indicated to me that you gave a statement. If

the case went to trial, they would have to show to me out of the presence of the jury that you were properly advised of your rights. I don't know whether you were or not. I was not there. But the point is that by entering a plea of guilty, you are waiving or giving up your right to such a pretrial hearing.

A. Yes.

Q. And you could not raise that again either in this court or on any possible subsequent appeal. In other words, a guilty plea waives all these pretrial matters. Do you understand where I'm coming from?

A. Yes.

Q. At this time, then, I will ask you, how do you plead to the charge set out in Count I, that being the charge of first degree assault on [the older child]? How do you plead?

A. Guilty.

Lyman similarly pled guilty to the other two charges. He now argues that his waiver was involuntary because his counsel neither investigated the admissibility of the confession nor moved to suppress the confession. Because a guilty plea normally waives all defenses, Lyman now has the burden of showing that the ineffectiveness of his counsel rendered the plea invalid.

It is debatable whether the deficiency requirement of the test is even met. There is a strong presumption that counsel acted reasonably. Lyman basically asserts that any competent attorney would have tried to suppress, or at least would have investigated the admissibility of, the confession. There is, however, no per se rule mandating investigation or suppression of questionable confessions. See *Strickland*, 466 U.S. at 691 ("counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary"). As our discussion of the prejudice requirement will indicate, counsel's failure to investigate or suppress the confession was very likely based on sound trial strategy.

Even if Lyman could show that his counsel's representation was deficient, he cannot show that the alleged deficiency prejudiced him. Lyman's burden is to show a reasonable

probability that, but for the errors of counsel, he would have insisted on going to trial rather than pleading guilty. *Lockhart, supra; Wakeman, supra*. Lyman claims this is exactly what he would have done. "Had counsel properly assisted the Defendant with regard to said [suppression] Motions [sic], the Appellant in this case would not have plead [sic] guilty." Brief for appellant at 13. Unfortunately, Lyman does not tell us why the results would have been different.

In *State v. Hochstein*, 216 Neb. 515, 519-20, 344 N.W.2d 469, 473 (1984), we stated that "[the defendant] is unable to establish in any meaningful way how those failures [of counsel], if in fact they occurred, prejudiced [him] or, if handled in another manner, would have produced a different result. His claims at best are mere assertions." Likewise, Lyman presents only assertions.

Lyman's only statement as to the prejudicial nature of the confession is that the confession was the "cornerstone" of the State's case. We disagree. As the State correctly points out, the evidence against Lyman was overwhelming. Lyman's ex-wife and her boyfriend were eyewitnesses to the crime and were themselves stabbed. Nothing indicates that they could not testify. In addition, police found Lyman a few blocks from the scene of the crime, covered with blood. On their arrival, Lyman blurted out that he was "responsible for what happened down the street" and asked the officers to take him to jail.

Because the confession goes only to the issue of the identity of the perpetrator, its nonsuppression was hardly prejudicial. As for counsel's failure to move to suppress, a review of the plea bargain shows it to be sound defense strategy. Under the original counts charged against him, Lyman faced up to 205 years in sentences. See Neb. Rev. Stat. §§ 28-105 (Reissue 1985) and 28-201(4)(a), 28-303, 28-308, 28-309, and 28-1205 (Reissue 1989). Based on the plea bargain, Lyman pled guilty to a charge carrying a maximum possible sentence of 60 years. His actual maximum sentence was 30 years. Suppression of the confession would have mattered only at trial, and failure to plead guilty would likely have jeopardized the favorable plea agreement.

Lyman's counsel's decision not to investigate or move to suppress the confession was not prejudicial to Lyman. Nothing

he has shown us shows any probability that, had counsel acted differently, Lyman would have chosen to go to trial.

Lyman's situation is very similar to the one we encountered in *State v. Kerns*, 203 Neb. 278, 278 N.W.2d 348 (1979), in which we also denied postconviction relief. In *Kerns*, as in the case at bar, the trial court explained to the defendant that certain identification evidence would be admissible only after a ruling on the issue and that a guilty plea would waive the right to that hearing. With overwhelming evidence against him, Kerns chose to plead guilty to a reduced charge. Kerns then sought postconviction relief, alleging ineffective assistance of counsel because counsel had not informed him of the reasonable possibility of suppressing the identification evidence. After an evidentiary hearing and denial of relief by the district court, Kerns appealed. We stated:

> In view of the eyewitness identification by the two victims of the crimes, the likelihood of conviction, the favorable plea bargain arranged by counsel, and the patient explanation by the court specifically addressed to the rights of the appellant now raised, the suggestion that the appellant's plea of guilty was somehow either induced by the failure of counsel to move to suppress the eyewitness identification or that such failure to file a *Wade* [suppression] motion indicated a lack of competence of counsel is patently frivolous.

*Id.* at 281-82, 278 N.W.2d at 350. Lyman's ineffective assistance of counsel arguments based on his confession are similarly without merit. He has made no showing of facts indicating that he is entitled to relief. The failure of the district court to grant an evidentiary hearing on these matters was not clearly erroneous.

Lyman next asserts that his counsel was ineffective for failing to have a hearing on Lyman's competency to plead guilty and for failing to discuss possible defenses, including the insanity defense, with Lyman. Our analysis on these issues is the same as on the confession-based issues, namely, was counsel's performance deficient, and if so, was there a reasonable probability that, but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty.

*Hill v. Lockhart*, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985); *State v. Wakeman*, 231 Neb. 66, 434 N.W.2d 549 (1989). An evidentiary hearing is properly denied on a postconviction motion when the record and files in the case affirmatively establish that the defendant is not entitled to relief. *State v. Keithley*, 238 Neb. 966, 473 N.W.2d 129 (1991).

With regard to the issue of whether a competency hearing should have been held, nothing in this record indicates that Lyman was not competent to plead guilty. "A defendant is competent to plead or stand trial if he has the capacity to understand the nature and object of the proceedings against him, to comprehend his own condition in reference to such proceedings, and to make a rational defense." *State v. Painter*, 229 Neb. 278, 283, 426 N.W.2d 513, 517 (1988). At the plea hearing, the court explained the nature of the charges, the possible sentences, and the constitutional rights accorded Lyman. On several occasions, Lyman stated that he understood what was occurring. In addition, both examining psychiatrists stated that Lyman was competent to stand trial and to work with his attorney.

The record indicates that Lyman was competent to stand trial, and nothing indicated the need for a competency hearing. The district court correctly denied an evidentiary hearing on this matter.

Lyman's final ineffective assistance of counsel assignment of error deals with the insanity defense. Lyman assigns as error that his counsel did not discuss this defense with him. His argument, however, focuses on counsel's allegedly inadequate investigation of the defense. Neither claim has merit. The record of the plea hearing contains two lengthy discussions between the court and counsel with regard to the insanity defense. During one of these discussions, Lyman stated that he had discussed the insanity defense with his lawyer. The court also offered Lyman time to reconsider the merits of the defense instead of pleading guilty, to which Lyman responded, "No. I will go with it [the guilty plea]." There is no evidence before us, aside from Lyman's bald assertion, that counsel had not, in fact, discussed the defense with Lyman.

As for counsel's investigation of the insanity defense and his

failure to move for a sanity hearing, the record again shows that counsel's actions were not deficient. Two psychiatrists interviewed Lyman, one on several occasions. Both stated that although Lyman was "mentally disturbed" at the time of the crime, he understood the nature or wrongfulness of his acts and, therefore, would not have passed the test for legal insanity. Although one psychiatrist wrote Lyman a letter stating that there might be a "good argument to consider you legally insane," it is not for psychiatrists to decide the merits of legal arguments; that should be left to those engaged in the practice of law. The same psychiatrist also stated in her reports that Lyman showed no signs of psychosis or psychiatric disorder and that Lyman understood that his acts were deserving of punishment.

Lyman's counsel adequately investigated the insanity issue and, based on psychiatric opinions that Lyman was not legally insane, made a tactical decision not to assert the defense. We will not second-guess reasonable strategic decisions by counsel. As the U.S. Supreme Court has noted:

> The principal value of counsel to the accused in a criminal prosecution often does not lie in counsel's ability to recite a list of possible defenses in the abstract, nor in his ability, if time permitted, to amass a large quantum of factual data and inform the defendant of it. Counsel's concern is the faithful representation of the interest of his client, and such representation frequently involves highly practical considerations as well as specialized knowledge of the law. Often the interests of the accused are not advanced by challenges that would only delay the inevitable date of prosecution . . . or by contesting all guilt
> . . . .

(Citations omitted.) *Tollett v. Henderson*, 411 U.S. 258, 267-68, 93 S. Ct. 1602, 36 L. Ed. 2d 235 (1972).

Lyman has failed to meet his burden of alleging facts that show deficient representation and prejudice. The record shows that Lyman was not entitled to relief. The district court correctly denied an evidentiary hearing on the ineffective assistance of counsel claims.

## VOLUNTARINESS OF THE PLEA

We can easily dispose of the assignments of error relating to the voluntariness of the guilty plea. The result on each is dictated, directly or indirectly, by our decision in Lyman's original appeal. In *Lyman I*, we held that although the trial court's failure to inform Lyman of the mandatory consecutive nature of his sentences was error, it was not prejudicial because Lyman was informed of his combined minimum sentence. We stated:

> The purpose of the rule requiring that the defendant be advised of mandatory consecutive sentencing is "to apprise the defendant of the minimum time he will serve in prison so that his plea of guilty is given with full knowledge of the consequences." . . . In this case the defendant was advised that the minimum sentence would be 3 years.
>
> . . . Under these circumstances, the error [failure of the court to inform of mandatory consecutive sentences] was not prejudicial and does not require that the judgment be reversed.

(Citations omitted.) *Lyman I*, 230 Neb. 457, 459, 432 N.W.2d 43, 44-45 (1988).

On postconviction, Lyman argues that the district court erred in failing to apprise him of the minimum time he would spend in prison. At the plea hearing, the trial court stated that Lyman could be sentenced to "as high as three to 60 years" of imprisonment. Lyman alleges that he could actually have been sentenced to as high as 20 to 60 years. See Neb. Rev. Stat. § 83-1,105(1) (Reissue 1987) (providing that the minimum term of an indeterminate sentence cannot exceed one-third of the overall maximum allowable sentence). Lyman alleges that this discrepancy misinformed him and rendered his plea involuntary.

The easy answer to this allegation is that this argument should have been raised on direct appeal. "This court has consistently applied the procedural bar rule whereby ' "[a] motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal, no matter how those issues may be phrased or

rephrased." ' " *State v. Whitmore*, 238 Neb. 125, 130, 469 N.W.2d 527, 531 (1991) (quoting *State v. Otey*, 236 Neb. 915, 464 N.W.2d 352 (1991)). Lyman's postconviction sentencing argument was clearly apparent at the time of his direct appeal, because on that appeal Lyman raised a different sentencing argument that involved the same language at issue here. See *Lyman I, supra.*

Lyman's present sentencing argument is also without merit for the same reason his first sentencing argument failed on direct appeal—he suffered no prejudice. While the court's language may not have informed Lyman of the maximum minimum sentence, the court did succeed in informing him of the most important factors: the upper and lower possible limits on his sentence. Because Lyman knew that he could spend 60 years in prison, or 3, or some amount in between, he had the information necessary to make an intelligent and voluntary decision on whether to plead guilty. The district court correctly denied relief on this assignment of error.

Lyman's other postconviction attacks on the voluntariness of his plea raise the same issues as the aforementioned sentencing arguments. The only difference is that he now alleges that it was error for his *counsel*, as opposed to the court, not to inform him of the mandatory consecutive nature of the sentences or the minimum time he would spend in prison.

One of the things a defendant must show when alleging ineffective assistance of counsel is that the deficient performance prejudiced the defendant by altering the results of the proceeding. See *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). As we have already stated, Lyman was not prejudiced by the trial court's statements or lack of statements. He fails to show how his counsel's actions would render his plea involuntary when the court's actions did not. The record and files in the case show that Lyman was not entitled to relief based on the voluntariness of his plea. The district court was not required to grant an evidentiary hearing, and it correctly denied relief.

Lyman's final assignments of error allege that the trial court erred by failing to find invalid the information that charged Lyman with the crimes and by failing to allow Lyman to review

the presentence report. These allegations could have been raised on appeal and were not. Postconviction is not a substitute for appeal, and we therefore do not consider Lyman's final assignments of error. See, *Whitmore, supra*; *Otey, supra*.

Neither do we agree with Lyman's contention that he should have been afforded counsel to prepare his postconviction petition. Nothing in Nebraska case law guarantees the right to counsel in a postconviction proceeding. It also warrants mention that Lyman was represented by counsel on this appeal. The district court was not required to appoint counsel for Lyman, and the court's refusal to do so was not error.

The district court correctly ruled that Lyman failed to meet his burden of proof to warrant an evidentiary hearing or postconviction relief. We affirm the ruling of the district court.

AFFIRMED.