STATE OF NEBRASKA, APPELLEE, V. TIMOTHY E. JOHNSON, APPELLANT.

502 N.W.2d 477

Filed July 16, 1993.   No. S-90-1220.

James C. Stecker, of Robak and Stecker, for appellant.

Don Stenberg, Attorney General, and Delores Coe-Barbee for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, FAHRNBRUCH, and LANPHIER, JJ.

PER CURIAM.
Defendant, Timothy E. Johnson, appeals the decision of the district court for Platte County which denied his motion for postconviction relief and for writ of error coram nobis. See Neb. Rev. Stat. §§ 29-3001 et seq. (Reissue 1989) and 49-101 (Reissue 1988). We affirm.

On October 22, 1985, at 7:48 a.m., the Nebraska State Patrol obtained a search warrant for room No. 70 in the Seven Knights Motel, Columbus, Nebraska. The room had been rented by Michael Lutt, whom the State Patrol suspected of involvement in illegal drug activity in the area. The warrant commanded the search of the motel room, Lutt, and "persons unknown." In the evening of October 22, the State Patrol executed a search of the motel room. Lutt and the appellant were the only persons in the room when the State Patrol entered and were immediately searched. The search of the appellant revealed an eyeglass case containing a syringe filled with methamphetamine.

The county attorney's office for Platte County charged the

appellant with possession of a controlled substance other than marijuana. See Neb. Rev. Stat. § 28-416 (Reissue 1985). Since the appellant had twice previously been convicted, sentenced, and committed to prison for terms of not less than 1 year, the county attorney also charged him with habitual criminal status. See Neb. Rev. Stat. § 29-2221 (Reissue 1989). Counsel was appointed, and at his arraignment on April 4, 1986, the appellant entered a plea of not guilty.

The appellant alleges that during discussions with counsel regarding the probable success of a motion to suppress, counsel told the appellant that he had no standing to contest the warrant or the search. The appellant further alleges that counsel threatened to withdraw if the appellant did not plead guilty. The appellant asserts that he felt his only alternative was to plea-bargain with the county attorney, in light of his counsel's advice that a motion to suppress would most likely be denied. Then, on May 14, 1986, pursuant to a three-way plea bargain among the appellant, the county attorney's office, and the U.S. attorney's office, the appellant entered a plea of guilty on both charges. The U.S. attorney's office agreed not to prosecute the appellant for violations of the federal controlled substances laws if he pled guilty to the State's charges. Also as part of the plea bargain, the county attorney agreed to recommend the minimum sentence under the habitual criminal statute. In addition, the start of the appellant's sentence would be delayed to enable him to arrange housing for his girl friend. The court sentenced the appellant to a term of a minimum of 10 years and a maximum of 10 years' imprisonment in the Nebraska Penal and Correctional Complex.

The appellant asserts that he asked his counsel to appeal the conviction and sentence, but counsel refused. Yet, counsel did file a motion to reduce sentence, which the district court denied and we affirmed on appeal. *State v. Johnson*, 225 Neb. xxi (case No. 87-044, May 20, 1987).

After obtaining new counsel, the appellant filed a motion for postconviction relief and for writ of error coram nobis, alleging ineffective assistance of counsel. On May 4, 1989, a hearing was held on the motion. At the close of the appellant's case, the State moved to dismiss the appellant's requests for relief. The

district court dismissed the appellant's postconviction motion for failure to prove a prima facie case, but allowed the hearing to proceed on the writ of error coram nobis. After completion of the hearing, the district court denied the motion for writ of error coram nobis.

On appeal, we vacated the district court's judgment because the court failed to issue specific findings of fact and conclusions of law. *State v. Johnson*, 235 Neb. xxi (case No. 89-817, May 16, 1990). On November 27, 1990, the district court issued its findings of fact and conclusions of law, again denying the appellant's motion. Thus, the appeal now before this court arises out of the district court's second denial of the appellant's motion for postconviction relief and for writ of error coram nobis.

The appellant asserts that the district court erred in (1) granting the State's motion for directed verdict at the completion of the appellant's case on the motion for postconviction relief, (2) finding that the appellant was not denied effective assistance of counsel, and (3) denying the motion for writ of error coram nobis for the failure of the appellant's counsel to appeal the conviction and sentence upon the appellant's request.

The appellant's first and second assignments of error involve the appellant's request for postconviction relief based upon a claim of ineffective assistance of counsel. The standard of review for a claim of ineffective assistance of counsel is a two-tiered analysis. First, the defendant must show that counsel's performance was deficient; that is, counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law in the area. *State v. Lyman*, 241 Neb. 911, 492 N.W.2d 16 (1992). Next, the defendant must show that counsel's deficient performance prejudiced the defense of his case. *Id.* When the defendant has entered a guilty plea, counsel's deficient performance constitutes prejudice if the defendant shows with a reasonable probability that but for counsel's errors, the defendant would have insisted on going to trial rather than pleading guilty. *Id.*

With regard to the first part of the ineffective assistance analysis, there is a strong presumption that counsel's

performance was reasonable. *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Even if counsel's actions are found to be unreasonable, the judgment will not be set aside unless those actions constitute prejudice. *Id.*

We now apply the two-tiered analysis to determine if counsel's actions constituted ineffective assistance. First, was counsel's advice deficient? The appellant alleges that counsel erred in advising him (1) that he had no standing to contest the search by the State Patrol and (2) that a motion to suppress evidence obtained in the search would likely be denied. The record includes testimony by counsel which indicates he in fact advised the appellant that there was no standing to contest the search and that the chance of a successful motion to suppress was slim.

While we agree that a motion to suppress would have been denied, we do not agree that the appellant did not have standing to contest the search. It is not clear from the record whether counsel advised the appellant he did not have standing to contest the search of the motel room, his person, or both. The State Patrol's search of the motel room should be viewed as a separate event from the search of the appellant. The appellant was charged with possession of a controlled substance, methamphetamine, which was discovered during the search of his person, not the motel room. Therefore, a motion to suppress need only attack the constitutionality of the search of the appellant. Since it is elementary that one has a reasonable or legitimate expectation of privacy in his or her body, there is no question that the appellant had standing to contest the search of his person. See *United States v. Salvucci*, 448 U.S. 83, 100 S. Ct. 2547, 65 L. Ed. 2d 619 (1980) (standing depends on whether or not one has a legitimate expectation of privacy). Counsel's failure to recognize that the appellant had standing constituted deficient representation because it did not equal that of a lawyer with ordinary training and skill in criminal law in the area.

The next step in the ineffective assistance of counsel analysis is to determine if counsel's deficient performance prejudiced the appellant's defense; that is, but for counsel's error, would the appellant have chosen to go to trial? The appellant asserts

that he felt his counsel pushed him toward pleading guilty by informing him that a motion to suppress would likely be denied. However, the plea bargain in this case suggests that the appellant chose to plead guilty for additional reasons, such as to avoid federal prosecution, to assure the minimum sentence under the habitual criminal statute, and to have his sentence delayed so that he could arrange housing for his girl friend. We do not find that if counsel had properly advised the appellant on the standing issue, the appellant would have insisted on going to trial. Although deficient, counsel's advice that there was no "standing" did not prejudice the appellant's case.

Furthermore, counsel's advice was not prejudicial because, even if a motion to suppress had been filed, it would have been denied. The appellant argues that a motion to suppress would have been granted because the warrant did not specifically authorize the search of the appellant, nor was there probable cause to support a search without a warrant. The appellant further argues that the State Patrol was not authorized to search his person under the provision of the warrant authorizing the search of "persons unknown" because this provision is prohibited by the Fourth Amendment as it fails to satisfy the particularity requirement. It is a well-established rule that in order to be valid, a warrant must particularly describe the place to be searched and the persons to be seized. *State v. Walters*, 230 Neb. 539, 432 N.W.2d 528 (1988). "That is not to say, however, that under no circumstance may a warrant be issued for one whom the police cannot identify by name in advance." *State v. Pecha*, 225 Neb. 673, 679, 407 N.W.2d 760, 764 (1987). " 'What will amount to forbidden generality, or, to put it another way, insufficient particularity in a warrant necessarily depends upon the facts and circumstances of each case. . . .' " *Id.* (quoting *People v Nieves*, 36 N.Y.2d 396, 330 N.E.2d 26, 369 N.Y.S.2d 50 (1975)). The facts set out in the affidavit upon which the warrant was issued were sufficient to establish probable cause to search "persons unknown." The affidavit provided that

> a concerned citizen informed . . . that a Michael Lutt of Grand Island, Ne. had registered at the Seven Knights Motel . . . in rooms #55 & 56 on . . . October 18 & 19, 1985

respectively, and that Michael Lutt acted suspicious and the concerned citizen suspects Michael Lutt of being a drug dealer. Numerous visitors with demeanor related to persons in the drug culture frequented the rooms rented by Michael Lutt.

In checking motel records . . . affiant found that Michael Lutt had rented rooms #55 & 56 on the above noted dates and that phone calls were made from those rooms to persons in the Columbus and Grand Island areas who have a known reputation of drug involvement.

Affiants [sic] search of intelligence records revealed that Lutt had been convicted of numerous drug violations in Nebraska and California . . . .

. . . .

Affiants [sic] further search of intelligence information revealed information from a reliable informant in the Grand Island area who stated that Lutt is actively involved in the distribution and sale of methamphetamine.

Affiant has learned from other State Patrol Investigators who have a working knowledge of drug activity in the Columbus area indicating that a substantial amount of methamphetamine will be available between Oct. 19 & 23, 1985 from an unknown source transporting it to Columbus.

Affiant has determined that Michael Lutt has reserved room #70 at the Seven Knights Motel for October 22, 1985. Affiant believes that a drug transaction will take place there or that drugs will be in Lutts [sic] control or custody.

We find that the State Patrol alleged sufficient facts in the affidavit to establish that they had probable cause to believe there would be "persons unknown," in addition to Lutt, in the hotel room who would engage in illegal drug activity. Therefore, the search of the appellant under the "persons unknown" provision of the warrant was lawful; consequently, a motion to suppress evidence obtained therefrom would be denied.

On appeal from a proceeding for postconviction relief, the trial court's findings will be upheld unless such findings are

clearly erroneous. *State v. Moss*, 240 Neb. 21, 480 N.W.2d 198 (1992); *State v. White*, 238 Neb. 840, 472 N.W.2d 720 (1991). We agree with the district court's finding that the appellant was not denied effective assistance of counsel and, thus, uphold the lower court's dismissal of the appellant's motion for postconviction relief.

In his third assignment of error, the appellant asserts that the motion for writ of error coram nobis should have been granted because he was denied his right to appeal due to counsel's alleged failure to appeal his conviction and sentence. The appellant argues that a motion for writ of error coram nobis is the proper procedure for contesting counsel's failure to appeal. While it is true that the laws of this state recognize a motion for writ of error coram nobis, the appellant's use of the motion is improper.

This court has not specifically rejected the use of a writ of error coram nobis to contest a counsel's failure to appeal as a denial of one's right to appeal. However, we have held that a motion for writ of error coram nobis reaches only matters of fact unknown to the applicant at the time of judgment, not discoverable through reasonable diligence, and which, if known by the court, would have prevented entry of judgment. *State v. Cottingham*, 226 Neb. 270, 410 N.W.2d 498 (1987). Here, the appellant is not presenting facts which were unknown to him at the time of judgment, but, rather, the appellant is simply arguing that his right to appeal was denied due to ineffective assistance of counsel. We have held that if a defendant is denied his right to appeal because of counsel's failure to timely file notice of appeal, a motion for postconviction relief is the proper means of attacking such denial. *State v. Carter*, 236 Neb. 656, 463 N.W.2d 332 (1990). The appellant should have argued counsel's failure to appeal as ineffective assistance of counsel in his motion for postconviction relief.

However, even if the appellant had included the appeal issue in his postconviction motion, we find that counsel's actions were not deficient or prejudicial so as to constitute ineffective assistance of counsel. At the postconviction hearing, the appellant testified that he wanted to appeal and that he had

asked counsel several times to file an appeal. However, counsel's testimony indicates that although the appellant had requested an appeal, he agreed that a motion to reduce sentence would be better strategy. Notwithstanding this contradictory testimony, the record clearly shows that the appellant was well aware of his right to appeal and had been adequately advised by counsel on the likelihood of a successful appeal. Counsel only suggested to the appellant that a better strategy than an appeal would be a motion to reduce sentence. The appellant made the ultimate decision on whether or not to file an appeal. "We will not second-guess reasonable strategic decisions by counsel." *State v. Lyman*, 241 Neb. 911, 920, 492 N.W.2d 16, 22 (1993). Furthermore, in light of the strong presumption that counsel's actions are reasonable, we agree with the district court's finding that the appellant, after conferring with counsel, knowingly and intelligently chose not to pursue an appeal from his sentence.

The appellant has failed to prove that counsel's representation constituted ineffective assistance of counsel. We thus affirm the district court's denial of the appellant's motion for postconviction relief and for writ of error coram nobis.

AFFIRMED.