69 F.3d 541
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Roy LYMAN, Appellant,
v.
Frank X. HOPKINS, Appellee.
 No. 95-1610.
 United States Court of Appeals, Eighth Circuit.
 Submitted: Oct. 17, 1995.
Nov. 7, 1995.
 
 Before McMILLIAN, BRIGHT and BOWMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Roy Lyman, a Nebraska inmate, appeals from the judgment of the District Court[1] denying his petition for a writ of habeas corpus under 28 U.S.C. Sec. 2254 (1988). We affirm.
 
 
 2
 On June 7, 1987, Lyman attempted to kill his two daughters, then two and three years old, by cutting their throats with a utility knife while they slept in his former spouse's home. Lyman was covered with blood when he was discovered by his former spouse and her boyfriend in the girls' bedroom. Lyman assaulted the two adults and then fled the scene of the crime. Several blocks from the home, Lyman surrendered to an Omaha police officer, saying "I'm the one you're looking for. I'm the one responsible for what happened down the street, just please take me to jail." Supplementary Police Report of June 7, 1987, at 1 (Ex. 205-D-2), Lyman v. Hopkins, 875 F.Supp. 631 (D.Neb.1995) (No. 4:CV93-3060). He was subsequently charged in state court with two counts of attempted first-degree murder, one count of first-degree assault, one count of second-degree assault, and four counts of use of a knife during the commission of a felony. After Lyman was examined by psychiatrists, his counsel advised him to plead guilty to reduced charges. Lyman pled guilty to and was convicted of two counts of first-degree assault and one count of use of a knife during the commission of a felony. He was sentenced to three consecutive terms of five to ten years imprisonment. The Supreme Court of Nebraska affirmed his convictions and sentences, State v. Lyman, 432 N.W.2d 43 (1988), and rejected his petition for postconviction relief, State v. Lyman, 492 N.W.2d 16 (1992).
 
 
 3
 Lyman then filed a federal habeas corpus petition in the District Court, raising a variety of issues, and an evidentiary hearing was held. The District Court denied relief. On appeal, Lyman argues only that he is entitled to the writ because his trial counsel provided ineffective assistance by failing (1) to investigate or pursue an insanity defense and (2) to disclose accurate and material information regarding the possible sentences that could have been imposed as a result of the plea agreement. In a thorough and well-reasoned memorandum and order, the District Court concluded that Lyman's claims of ineffective assistance had no basis in fact. Assuming in the alternative that counsel had not provided effective assistance, the court held that Lyman could not show any prejudice from counsel's alleged failures because the evidence against him was overwhelming and the plea agreement significantly reduced the penalties to which he would have been exposed had he gone to trial on the original charges. Lyman v. Hopkins, 875 F.Supp. 631, 643 (D.Neb.1995).
 
 
 4
 We have reviewed the factual findings of the District Court for clear error and its legal conclusions de novo. See Zinzer v. Iowa, 60 F.3d 1296, 1299 (8th Cir.1995). We conclude that the District Court's findings of fact are not clearly erroneous, that no error of law appears, and that an extended opinion by this Court would add nothing of precedential value to the well-written opinion of the District Court.[2] We therefore affirm the judgment of the District Court without further discussion. See 8th Cir. R. 47B.
 
 
 
 [1]
 The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska
 
 
 [2]
 Our decision that the District Court reached the correct conclusion on the merits of Lyman's claims makes it unnecessary to address the state's procedural-bar argument