STATE OF NEBRASKA, APPELLEE,
v. RANDY LEE STEVENSON, APPELLANT.
611 N.W.2d 126

Filed May 30, 2000. No. A-99-620.

Douglas J. Stratton, of Stratton, Ptak & Kube, P.C., for appellant.

Don Stenberg, Attorney General, and Martin W. Swanson for appellee.

HANNON, INBODY, and CARLSON, Judges.

INBODY, Judge.

## INTRODUCTION

Randy Lee Stevenson appeals the order of the Pierce County District Court denying his motion for postconviction relief fol-

lowing an evidentiary hearing. For the reasons set forth herein, the order of the district court is affirmed in part and in part reversed, and the cause is remanded for further proceedings.

## STATEMENT OF FACTS

In 1997, Stevenson was charged in Pierce County District Court with various felonies and misdemeanors. Stevenson pled not guilty to the charged offenses, and thereafter, there was considerable negotiation between Stevenson, through his attorney, and the county attorney regarding the possibility of a plea agreement being reached. Letters were exchanged between the county attorney and defense counsel, and defense counsel and Stevenson. These letters indicate a misconception that Stevenson would receive good time on a sentence enhanced by a habitual criminal conviction.

A plea agreement was eventually reached, which provided, in essence, that in case No. 7401, the State would amend the information and charge Stevenson with two counts, one for third degree assault and the other for first degree criminal trespass, both Class I misdemeanors, and would recommend concurrent sentences on these two counts. In case No. 7417, the plea agreement provided that Stevenson would plead guilty to second degree assault, a Class IV felony, and admit to being a habitual criminal, that the State would recommend a sentence of 10 years' imprisonment, and that this term of incarceration would be concurrent with the sentences imposed in case No. 7401. In case No. 7417, although the charging language regarding the assault reflected that the charge was second degree assault, a Class IV felony, the information was erroneously captioned as a third degree assault.

The plea hearing was held on December 8, 1997. The court advised Stevenson that third degree assault was a Class IV felony, which was in error because third degree assault is a misdemeanor and the assault charge against Stevenson was actually a second degree assault charge. In any event, the court informed Stevenson that Class IV felonies are punishable by up to 5 years' imprisonment and a $10,000 fine, but the habitual criminal charge served to enhance the punishment on the Class IV felony to a mandatory minimum of 10 years' impris-

onment to a maximum of 60 years' imprisonment. The court explained Stevenson's rights to him and that he was waiving those rights, and Stevenson responded that he understood. Stevenson then entered his guilty pleas in cases Nos. 7401 and 7417.

Before the court accepted Stevenson's guilty pleas, defense counsel informed the prosecutor that the caption in case No. 7417 was incorrect in that it stated third degree assault instead of second degree assault. The court gave the State leave to amend the caption on the information in case No. 7417 to correctly read second degree assault. The court then asked Stevenson, "Now that the Information has been amended in 7401 [sic] to allege that Randy Lee Stevenson committed the crime of third degree assault, do you wish to change your plea or do you wish to remain with the guilty plea?" Stevenson responded, "Guilty, Your Honor."

After hearing factual bases to support Stevenson's guilty pleas, the court accepted the pleas. Stevenson waived a presentence investigation, and sentencing proceeded. The prosecutor made comments to the court regarding the sentences, and in particular, stated:

> I have talked with some of the individuals involved in these two cases and they are aware of the plea agreement I was proposing to the defendant, and I don't see any great objections when you look at the total package of approximately six years plus the defendant will be serving. I think that's more than adequate.

In case No. 7401, Stevenson was sentenced by the court to 4 months' and 2 days' imprisonment each on the misdemeanor convictions, with the sentences to run concurrently and with credit for time served. In case No. 7417, which was the second degree assault conviction enhanced by the habitual criminal charge, Stevenson was sentenced to 10 years' imprisonment. A journal entry prepared by the prosecutor and signed by the sentencing judge was filed on December 12, 1997, and reflected that sentencing had occurred on December 8. A portion of this journal entry relating to case No. 7417 stated: "For purposes of truth in sentencing, the defendant shall serve six (6) years imprisonment before being eligible for complete discharge."

However, the commitment order signed by the judge stated that Stevenson was sentenced to a term of 10 years' imprisonment.

While at the Nebraska Diagnostic and Evaluation Center, Stevenson was informed by a Department of Correctional Services employee that he would be serving the entire 10-year sentence and would not be released until December 7, 2007. Stevenson filed a direct appeal, which was dismissed without opinion by this court in *State v. Stevenson*, 7 Neb. App. xxi (case No. A-98-384, June 30, 1998), for lack of jurisdiction.

On September 1, 1998, Stevenson filed a verified motion to vacate and set aside his convictions and sentences, alleging, inter alia, ineffective assistance of counsel in that trial counsel gave him inadequate advice regarding the issue of self-defense, failed to object to errors in the information, and failed to properly advise Stevenson regarding the amount of good time Stevenson would receive on his sentence. An evidentiary hearing on Stevenson's motion for postconviction relief was held on April 28, 1999. Testifying at the hearing were Stevenson; Verlyn Luebbe, county attorney at the time of Stevenson's plea and sentencing; Judge Richard P. Garden, the judge who presided over Stevenson's plea and sentencing; and Rodney Smith, Pierce County Public Defender, who was appointed to defend Stevenson.

The parties agreed that Stevenson's verified motion was to be marked as an exhibit, and Stevenson testified that the information contained therein was true and accurate and formed the basis of his motion for postconviction relief. Stevenson testified that there was a discussion among Judge Garden, Luebbe, Smith, and himself when the parties were in the courtroom prior to the plea hearing, but Stevenson claims the discussion was regarding the fact that Stevenson would not get parole on his sentence. Stevenson claims that he asked if he was to receive good time and that Judge Garden responded affirmatively and showed him a sheet of paper wherein it set forth that on a 10-year sentence, 6 years would be served if good time is taken into account. Stevenson also testified that he understood that he was going to serve 6 years on a 10-year sentence and that had he been properly advised as to the calculation of good time, he would have proceeded to trial on the merits of the pending charges in both cases Nos. 7417 and 7401.

Luebbe testified that he believed that a discussion took place sometime on December 8, 1997, prior to sentencing, in which Stevenson was advised of the correct calculation regarding good time and that the change of plea hearing was delayed so that Stevenson and Smith could discuss the matter in light of the parties' earlier erroneous beliefs regarding Stevenson's qualifying for good time credit. Luebbe testified that after Smith and Stevenson conferred, he was informed that they were going to proceed with the plea agreement. Judge Garden testified, over objection by Stevenson, that he advised Stevenson and Smith that Stevenson was not entitled to good time on the mandatory minimum sentence required under the habitual criminal statute.

Smith testified with regard to the off-the-record discussion had by the parties regarding the change in the good time law. Smith testified that it was his recollection that Judge Garden did indicate that there had been a change in the good time law, but that Stevenson's and Smith's concerns were about what the effect on Stevenson's utilization of good time for parole purposes if the habitual criminal sentence followed the other sentences. Smith also testified that he did not recall discussing with Stevenson the effect of good time with regard to the habitual criminal statute. However, Smith stated that Stevenson told him more than once that if his sentence was going to be enhanced by the habitual criminal charge, he did not have anything to lose by going to trial, but that Smith was able to convince him that there could be a disadvantage.

On May 11, 1999, the district court denied Stevenson's motion for postconviction relief in its entirety. Stevenson has timely appealed to this court.

## ASSIGNMENTS OF ERROR

On appeal, Stevenson contends that the following errors were made by the district court in the proceeding on his motion for postconviction relief: (1) improperly allowing the sentencing judge to testify at the evidentiary hearing on his motion for postconviction relief, (2) failing to grant his motion for postconviction relief for the reason that the trial court erred in allowing the information to be amended after the court's acceptance of Stevenson's guilty plea, (3) applying the wrong standard in

determining whether Stevenson's trial counsel was ineffective, and (4) failing to find that his counsel was ineffective in providing inadequate advice regarding the issue of self-defense and the amount of good time Stevenson would receive on his sentence and failing to object to errors in the information.

## STANDARD OF REVIEW

■ A defendant requesting postconviction relief must establish the basis for such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous. *State v. Reeves*, 258 Neb. 511, 604 N.W.2d 151 (2000); *State v. Smith*, 256 Neb. 705, 592 N.W.2d 143 (1999).

■ Regarding questions of law, an appellate court has an obligation to reach an independent, correct conclusion irrespective of the determination made by the court below. *State v. Ortiz*, 257 Neb. 784, 600 N.W.2d 805 (1999).

## DISCUSSION

### TESTIMONY BY SENTENCING JUDGE

Stevenson's first assigned error is that the district court improperly allowed the judge who had presided over his plea and his sentencing to testify at the evidentiary hearing on his motion for postconviction relief. In support of this argument, Stevenson cites Neb. Rev. Stat. § 27-605 (Reissue 1995), which provides that "[t]he judge presiding at the trial may not testify in that trial as a witness. No objection need be made in order to preserve the point."

■ It is apparent that in the instant case, the judge who had presided over Stevenson's plea and sentencing was not the same judge who was presiding over the evidentiary hearing on Stevenson's motion for postconviction relief. Section 27-605 does not prohibit a judge who presided over a defendant's plea and sentencing from later testifying at an evidentiary hearing on a defendant's motion for postconviction relief where the judge is not the presiding judge at the evidentiary hearing on postconviction relief. Compare *State v. Joubert*, 235 Neb. 230, 455 N.W.2d 117 (1990) (mere assertion by convicted defendant that he may wish to call trial judge as witness in postconviction hearing does not, by itself, provide grounds for disqualifying trial

judge from presiding over postconviction proceeding). Thus, no violation of § 27-605 occurred, and this assignment of error is without merit.

### AMENDED INFORMATION

■ Second, we address Stevenson's claim that the trial court erred in allowing the information to be amended after the court's acceptance of Stevenson's guilty plea. It is well settled that a motion for postconviction relief cannot be used to secure review of issues which were known to the defendant and which were or could have been litigated on direct appeal. *State v. Reeves, supra; State v. Smith, supra.* Since this issue could have been raised on direct appeal, and a direct appeal was not timely filed, this assignment of error is not properly before this court and will not be considered.

### APPLICATION OF WRONG STANDARD REGARDING INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM

Next, we address Stevenson's claim that the district court applied the wrong standard in determining whether Stevenson's trial counsel was ineffective. More specifically, Stevenson claims that after the district court found that Stevenson's trial counsel was ineffective, the court applied an erroneous prejudice standard, i.e., whether there was a reasonable possibility that but for trial counsel's performance, the result of the proceeding would have been different. Stevenson contends that the trial court should have used the following prejudice standard in its consideration of his ineffective assistance of counsel claim: After showing deficient performance, the prejudice prong is satisfied upon a reasonable probability that but for counsel's errors, the defendant would have insisted upon going to trial rather than pleading guilty.

■ In order to establish a right to postconviction relief based on a claim of ineffective counsel, the defendant has the burden to first show that counsel's performance was deficient; that is, counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law in the area. *State v. Ditter,* 255 Neb. 696, 587 N.W.2d 73 (1998); *State v. Johnson,* 243 Neb. 758, 502 N.W.2d 477 (1993). Next, the defendant must

show that counsel's deficient performance prejudiced the defense in his or her case. *State v. Ditter, supra*; *State v. Johnson, supra*. When the defendant has entered a guilty plea, counsel's deficient performance constitutes prejudice if the defendant shows with a reasonable probability that but for counsel's errors, the defendant would have insisted on going to trial rather than pleading guilty. *State v. Ditter, supra*; *State v. Johnson, supra*.

In the instant case, the district court, in considering the prejudice prong of Stevenson's ineffective assistance of counsel claim, stated:

> The second question then is whether such deficient performance prejudiced the defense, or in other words, demonstrated a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. State v. Dawn, 246 Neb. 384, 519 N.W.2d 249 (1994).
>
> Judge Garden was not bound by the plea agreement, and he so advised the defendant by explaining the range of sentences which defendant could receive and assertaining (sic) that there were no deals as to the sentence to be imposed. Knowing this, the defendant proceeded with entry of a plea and sentencing. The sentencing was beyond the control of defendant's counsel. The written plea agreement discloses that the sentence to be proposed by counsel was no more than a recommendation. The defendant was then at the mercy of the sentencing judge. The judge was free to impose a sentence anywhere within the statutory range, which sentence could conceivably have been greater than the ten years which the defendant received. The record does not show a reasonable possibility that but for his counsel's deficient performance the result of the proceeding would have been different.

It is clear from the language used by the district court that when considering the prejudice prong of Stevenson's ineffective assistance of counsel claim, the court did not consider whether there was reasonable probability that but for counsel's errors, Stevenson would have insisted on going to trial rather than pleading guilty. Because the district court applied the wrong standard in evaluating Stevenson's ineffective assistance of

counsel claim, we reverse the court's order regarding this claim and remand the cause for further proceedings to allow the district court to make a determination regarding the validity of Stevenson's ineffective assistance of counsel claim using the correct standard.

### INEFFECTIVE ASSISTANCE OF COUNSEL

Finally, because we have determined that the district court applied the wrong standard in considering Stevenson's ineffective assistance of counsel claim and are reversing and remanding on this issue, we need not address the merits of Stevenson's claim that he received ineffective assistance of counsel. See *Kelly v. Kelly*, 246 Neb. 55, 516 N.W.2d 612 (1994) (appellate court is not obligated to engage in analysis which is not necessary to adjudicate case and controversy before it).

### CONCLUSION

In sum, the district court did not err in allowing the judge who presided over Stevenson's plea and sentencing to testify at the evidentiary hearing on Stevenson's motion for postconviction relief, and the district court's determination is affirmed in that regard. However, because the district court applied the wrong standard in its consideration of Stevenson's ineffective assistance of counsel claim, this matter must be reversed and the cause remanded for further proceedings to allow the district court to make a determination regarding the validity of Stevenson's ineffective assistance of counsel claim using the correct standard.

AFFIRMED IN PART, AND IN PART REVERSED AND
REMANDED FOR FURTHER PROCEEDINGS.