ALBERT SHAFFER v. STATE OF NEBRASKA.

FILED NOVEMBER 4, 1932.   No. 28301.

*Joseph E. Daly,* for plaintiff in error.

*C. A. Sorensen, Attorney General,* and *Clifford L. Rein,* contra.

Heard before ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

DEAN, J.

An information was filed in the district court for Dodge county against Albert Shaffer, the defendant, wherein it is charged that on or about the evening of April 17 or the morning of April 18, 1931, Shaffer and one Jerry Mack unlawfully and feloniously stole a black Holstein calf, of the alleged value of $20, without the consent or knowledge of J. Merrell Shephard, the owner. A demurrer to the information was filed by the defendant

and overruled by the court. Subsequently, upon submission, the jury found the defendant guilty as charged. Thereupon the court sentenced the defendant to serve a term of three years in the penitentiary, the sentence to commence at the expiration of a former sentence imposed upon him for a like offense. The defendant prosecutes error.

Fourteen assignments of alleged error are set out in the defendant's brief, but it is not stated therein that such errors are relied upon for a reversal. Elsewhere it is stated: "Space allotted to a brief * * * will not afford the opportunity to present a statement in connection with each of the errors appearing in the record and of the law pertaining thereto, but the appellant relies upon each and every error appearing in the record and presents the entire record and the law in this appeal." It is a fundamental rule that, upon review, all errors relied upon for reversal should be designated in the brief and definitely and specifically set forth and discussed therein. We therefore pass only upon those assignments of alleged error upon which the defendant apparently places principal reliance for a reversal.

The sufficiency of the evidence to sustain the conviction is attacked by the defendant. A review of the record, however, discloses the following material facts:

The defendant was engaged in the buying and selling of live stock and produce prior to the time in question here. It appears that Jerry Mack, named in the information with the defendant, was employed at various times by him to assist in loading and unloading cattle and at other odd jobs. Mack confessed to his part in the theft of the black calf in question and implicated the defendant, who was thereupon arrested. According to Mack's statement before the jury, he and the defendant stole the calf from the pasture of J. Merrell Shephard on the night of April 17, and it was taken with seven other calves to Meadow Grove and there sold at a public sale. Mack testified that he did not see the defendant until after the

sale, when he was shown a sales slip which disclosed that the calf had brought $13.75, of which amount he received $2 at the time, and $3 at a later period.

The owner of the calf testified that it was missed from the pasture on the morning of April 18, and that some evidence was seen where the calf might have been led or dragged away from the pasture near the road. He and his hired man identified the calf at the farm home of the man to whom it was sold at the sale in Meadow Grove.

The defendant admitted that Jerry Mack had been in his employ at various times, but he denied that they were together when the calf is alleged to have been stolen. He testified, however, and the evidence of a live stock dealer and a trucker substantiate his averment, that he purchased a black calf on or about April 16 at a sale near College View, and that it was this calf, and not the one alleged to have been stolen from Shephard, that was sold at Meadow Grove several days thereafter. A witness who lived on the defendant's land testified that the defendant did bring a black calf to his acreage which he, the defendant, stated had been bought by him in Lincoln, but this witness also testified that this particular calf died several days later and that it was buried on the defendant's land. To substantiate this fact, the carcass of the calf was produced. The evidence, therefore, tends to disprove the defendant's contention that the black calf in question here had been bought by him several days before the sale at Meadow Grove. And evidence was offered tending to prove that the defendant stated to one witness that he was going out to get some calves on the night in question and that he asked another witness to go along if he wanted to "make some easy money."

The defendant contends that the information does not state an offense. But we conclude that the language of the information is in sufficient compliance with the statute, where it alleges that the defendant did "unlawfully, wilfully, and feloniously steal, take, lead, and carry away one black Holstein calf, weight from about 300 pounds

to about 400 pounds, of the value of $20, the personal property of one J. Merrell Shephard, * * * the owner thereof, and against his will."

It is also contended that temporary absence of the trial judge from the courtroom during parts of the arguments to the jury constitutes reversible error. The record does not affirmatively show prejudicial error in this respect. The showing as to what occurred at the time related to a complaint of confusion in the courtroom and to the failure of defendant to procure a ruling on objections to challenged misconduct of the prosecuting attorney in addressing the jury. The record does not show that the jury were disturbed by a confusion in the courtroom or that counsel was thus interrupted to the prejudice of the defendant. The matter to which the objections were directed was not shown to be of such a nature as to amount to reversible error.

Defendant argues further that there was an error in a ruling on evidence. In reply to a question as to whether defendant had previously been convicted of a felony, he answered: "I don't consider myself convicted." The inquiry was proper. Comp. St. 1929, sec. 20-1214. A former judgment of conviction for cattle stealing was admitted in evidence, though not then reviewed but subject to review in an error proceeding. *Shaffer v. State,* 123 Neb. 121. The record of the unreversed judgment of conviction was not destroyed as evidence by the error proceeding. The statute provides:

"A witness may be interrogated as to his previous conviction for a felony. But no other proof of such conviction is competent except the record thereof." Comp. St. 1929, sec. 20-1214.

A judgment or conviction in a criminal prosecution is not vacated by an undetermined error proceeding. Its enforcement may be temporarily suspended by bail and suspension of sentence pending review, but it is nevertheless a judgment until set aside, and as such it is evidence of a conviction. Pending review it is effective for the

purpose of imprisonment of the convict, unless suspended by authorized bail or other operation of law. It is only after it is set aside that it is not a judgment and not competent evidence of a conviction. The statute does not make an exception to its competency pending review. The record of the conviction was properly received in evidence.

We have examined certain instructions requested by the defendant and refused by the court, but find no error in the court's ruling thereon. The instructions given by the court of its own volition fairly reflect the facts and the law applicable thereto. Other assignments have been presented, but we do not find reversible error therein. The verdict is sustained by the evidence and the judgment is

AFFIRMED.