STATE OF NEBRASKA, APPELLEE V. CLIFFORD DAVIS, APPELLANT.

264 N. W. 2d 198

Filed April 5, 1978. No. 41688.

Clifford Davis, pro se.

Paul L. Douglas, Attorney General, and Robert F. Bartle, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

WHITE, C. THOMAS, J.

This is an appeal from the resentencing of the defendant pursuant to the decision and order of this court in State v. Davis, 199 Neb. 165, 256 N. W. 2d 678. In the above case we affirmed the convictions of the defendant for possession of a controlled substance with intent to deliver, a violation of section 28-4,125, R. R. S. 1943, and for being a felon in possession of a firearm, a violation of section 28-1011.15, R. R. S. 1943.

In originally sentencing the defendant for the above crimes, the trial court sentenced the defendant as an habitual criminal. Under the terms of the habitual criminal statute, section 29-2221, R. R. S.

1943, the penalty of the defendant for the crime or crimes charged may be enhanced upon the finding he comes within the terms of the statute. The defendant was sentenced to two 15 to 45 year terms in the Nebraska Penal and Correctional Complex. These terms were to run concurrently. In accordance with our holding that the defendant was found to be an habitual criminal pursuant to a defective information, we ordered the sentences to be set aside and the cause remanded for proper sentencing. On resentencing, the District Court gave defendant a sentence of 10 years on the charge of unlawful possession with intent to deliver a controlled substance and a 5 year term on the charge of possession of a firearm by a felon. The sentences are to run consecutively.

The defendant challenges the authority of the court to impose consecutive sentences on resentencing where concurrent sentences were originally imposed. The defendant relies primarily on North Carolina v. Pearce, 395 U. S. 711, 89 S. Ct. 2072, 23 L. Ed. 2d 656, to support his argument. The defendant's reliance is unfounded. North Carolina v. Pearce, *supra*, held that a defendant, who is retried, following the overturning of his conviction, should not receive a more severe sentence than initially imposed unless the record affirmatively supports the trial court's decision to impose more severe punishment. It was also held that due process of law requires that vindictiveness against a defendant for having successfully attacked his first conviction plays no part in the sentence he receives after new trial. Here, the defendant was not retried nor did he receive a more severe sentence. There is no evidence that the penalties imposed on resentencing arose from vindictiveness of the sentencing court toward defendant.

Section 28-4,125 (2), R. R. S. 1943, provides for sentencing of a minimum of 1 year to a maximum of 10

years upon conviction for intent to deliver a controlled substance. The defendant received 10 years. Illegal possession of a firearm by a felon carries a maximum prison term of 5 years under the provisions of section 28-1011.18, R. R. S. 1943. The defendant received 5 years on that charge. When the punishment of an offense created by statute is left to the discretion of the trial court, to be exercised within certain prescribed limits, a sentence imposed within these limits should not be disturbed on appeal unless the record reveals an abuse of discretion. See State v. Stahl, 197 Neb. 683, 250 N. W. 2d 639. The trial court stated the reason for imposing maximum sentences was the defendant's extensive criminal record. The fact that the sentences are consecutive rather than concurrent does not constitute an abuse of discretion. It is within the discretion of the trial court to direct that sentences imposed for separate crimes be served consecutively, as opposed to concurrently. See, State v. Tweedy, 196 Neb. 251, 242 N. W. 2d 629; State v. Rodman, 192 Neb. 403, 222 N. W. 2d 109.

The sentences of the District Court are affirmed.

AFFIRMED.