STATE OF NEBRASKA, APPELLEE, V. PERRY K. SMITH, APPELLANT.

377 N.W.2d 527

Filed December 6, 1985. No. 85-153.

Richard T. Vanderheiden of Phares, Torpin, Vanderheiden & Mesner, for appellant.

Robert M. Spire, Attorney General, and Terry R. Schaaf, for appellee.

KRIVOSHA, C.J., BOSLAUGH, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

HASTINGS, J.

The defendant, Perry K. Smith, was charged in the county court for Merrick County with procuring liquor for a minor in violation of Neb. Rev. Stat. § 53-180 (Reissue 1984). After trial to the court the defendant was found guilty and sentenced to 30 days in the county jail. On appeal to the district court for Merrick County, the conviction and sentence were affirmed.

In this appeal defendant assigns as error: (1) The admission into evidence of two beer cans upon insufficient foundation; (2) The insufficiency of the evidence to support the conviction; and (3) The imposition of an excessive sentence.

Nebraska Liquor Control agents Nicholson and Fehrs were working undercover at Haven's Ballroom on April 13, 1984, when they noticed defendant with a group of three young-looking patrons. Agent Nicholson followed the defendant to the bar and saw him purchase two cans of beer and one mixed drink. When he returned to his table, the defendant placed the drinks on the table. The agents saw each of the four patrons consume some of the alcohol, and they informed other officers of their observations. While agent Nicholson was speaking with the other officers, the defendant returned to the bar and purchased more beverages.

Agents Fehr and Nicholson remained undercover while the other officers asked the four patrons for identification and discovered that the defendant's three companions were minors. All four were arrested, and two beer cans and the plastic cup containing the mixed drink were seized. Agent Nicholson later tagged the evidence when he returned to the Merrick County sheriff's office. The three companions were charged with being minors in possession, but the charge against the minor male was later dismissed.

The defendant's theory of his case at trial was that he had purchased the beer and mixed drink for his own consumption. Both of his minor female companions testified that they drank from his beer without the defendant's permission and that there had been no prior agreement that he would purchase alcohol for them.

Defendant first assigns as error the trial court's decision to admit as evidence the two partially emptied beer cans without testimony on the chain of custody. We need not address this claim because this error, if it was error at all, did not constitute reversible error. The admission of the beer cans was harmless because the evidence was cumulative; there is other competent evidence to support the conviction. While the State bore the burden of producing evidence that the beverage which the defendant purchased and which his companions consumed contained alcohol, the record is replete with statements and admissions that the defendant purchased beer and mixed drinks and that the female companions consumed some of that beer. In fact, the defendant never argued that the beverage was not beer. The beer cans are simply unnecessary to establish that element of proof. *State v. Thierstein*, 220 Neb. 766, 371 N.W.2d 746 (1985); *State v. Ruzicka*, 218 Neb. 594, 357 N.W.2d 457 (1984).

Regarding his second assignment of error, defendant argues that the State did not produce evidence that he intended to procure liquor for a minor, and therefore there is insufficient evidence to support a conviction. We also find this assignment of error unfounded. The intent with which an act is done is a mental process and may be inferred from the words and acts of the defendant and from the circumstances surrounding the incident. *State v. Thielen*, 216 Neb. 119, 342 N.W.2d 186 (1983).

Whether the defendant had the requisite intent is a question of fact which was resolved against him by the trial court. This court will not interfere on appeal with a conviction based upon evidence unless it is so lacking in probative force that we can say as a matter of law that it is insufficient to support a verdict of guilty beyond a reasonable doubt. *State v. Rowe*, 214 Neb. 685, 335 N.W.2d 309 (1983).

Defendant argues, finally, that the 30-day jail sentence is

excessive. Neb. Rev. Stat. § 53-180.05(1) (Reissue 1984) states that the violation for which the appellant has been convicted is a Class III misdemeanor, which carries a maximum punishment of 3 months in jail, or a $500 fine, or both. When the punishment of an offense created by statute is left to the discretion of the trial court, to be exercised within certain prescribed limits, a sentence imposed within those limits will not be disturbed on appeal unless the record reveals an abuse of discretion. *State v. Davis*, 200 Neb. 557, 264 N.W.2d 198 (1978). We find no such abuse. The judgment is affirmed.

AFFIRMED.