STATE OF NEBRASKA, APPELLEE, V. CLIFFORD LESIAK, APPELLANT.

449 N.W.2d 550

Filed December 29, 1989.    No. 88-1034.

Frank J. Skorupa for appellant.

Robert M. Spire, Attorney General, and Elaine A. Catlin for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

The defendant was convicted by a jury of procuring alcoholic liquor for a minor, in violation of Neb. Rev. Stat. § 53-180 (Reissue 1988), and was sentenced to 60 days in the county jail. Prior to trial, the defendant filed a motion for an alcohol evaluation at The Mid-East Nebraska Mental Health Clinic at the State's expense. After an evidential hearing, the motion was overruled.

Upon appeal to the district court, the judgment was affirmed. The defendant has now appealed to this court and contends that the trial court erred in denying his motion for an alcohol evaluation at the State's expense in order to prepare his defense, and as a result, the defendant was denied effective assistance of counsel. The defendant's indigency was not an issue in the trial court.

The evidence at the hearing on the defendant's motion for an alcohol evaluation consisted of the testimony of Carrol Barnes, an alcohol and drug abuse counselor employed by the Mid-East mental health clinic in Columbus, Nebraska. Barnes testified that he had a master's degree in psychology and counseling and had worked in that field for approximately 6½ years. He had previously worked at the Valley Hope organization since 1982, specializing in alcoholic counseling and psychological testing. He had been at the Mid-East clinic for a little over a month.

At the hearing on the motion, the only evidence relating to the defendant's history consisted of court files concerning previous convictions for driving while intoxicated. Although the trial court took judicial notice of these court files, they do not appear in the record filed in this court.

Barnes testified that a person who had been convicted three

times for driving while intoxicated and had been involved in inpatient treatment for alcohol abuse at a veterans' hospital and Valley Hope would be an alcoholic. Barnes further testified that a person can be an alcoholic to such an extent that although he can function normally, he may be unaware of what he is doing. He stated that an alcoholic can suffer a "blackout," which is an inability to recall what he did while he was under the influence of alcohol. Depending on the degree of chronic alcoholism, an alcoholic suffering from blackouts may or may not know at the time of the act whether it is wrong.

In Barnes' opinion, an alcohol evaluation would determine whether a person is a severe type of alcoholic. The greater the degree of alcoholism, the more likely one is to suffer blackouts.

At the hearing on the motion, there was no evidence that the defendant had been drinking at the time of the offense, or what quantity of alcoholic liquor he may have consumed.

The defendant argues that an alcohol evaluation was necessary to determine whether the defendant was the type of alcoholic who could not distinguish right from wrong. He claims this was necessary to prepare his defense, and by denying him access to an expert to determine the extent of his alcoholism, he was denied equal protection under the law.

At the trial, the defendant's 16-year-old son, Harlan Thomas Lesiak, testified that he went to the Double T Bar and asked the defendant to buy him some beer. The defendant bought the beer with money supplied by his son and delivered it to his son and three other teenagers who were waiting in Joe and Al's parking lot.

The son testified that the defendant was "real drunk" when he bought the beer for him and that he asked the defendant to buy the beer because he knew his father was drunk and he could take advantage of him. The son further testified that his father would not buy beer for him if his father was sober. There was no evidence as to how long the defendant had been drinking or what quantity of alcoholic liquor he may have consumed at that time.

In Nebraska, "[t]he right of an indigent defendant to the appointment of an expert witness at State expense generally rests in the discretion of the trial court." *State v. Suggett*, 200

Neb. 693, 697, 264 N.W.2d 876, 879 (1978). See, also, *Vassar v. Solem*, 763 F.2d 975 (8th Cir. 1985).

Apparently, defense counsel hoped to obtain testimony from Barnes, after he had made an evaluation of the defendant, that the defendant was an alcoholic of such severity that he was incapable of distinguishing right from wrong while under the influence of alcoholic liquor, and he would have used that as his defense.

From the record made in this case, it is very doubtful that Barnes, who had no psychiatric training, could have qualified as an expert to give such testimony.

Nebraska follows the *M'Naghten* rule as to the defense of insanity. " ' "The test of responsibility for crime is the defendant's capacity to understand the nature of the act alleged to be criminal and the ability to distinguish between right and wrong with respect to the act." ' " *State v. Lamb*, 213 Neb. 498, 508-09, 330 N.W.2d 462, 469 (1983) (quoting *State v. Simants*, 197 Neb. 549, 250 N.W.2d 881 (1977), *cert. denied* 434 U.S. 878, 98 S. Ct. 231, 54 L. Ed. 2d 158, *reh'g denied* 434 U.S. 961, 98 S. Ct. 496, 54 L. Ed. 2d 322). The insanity must be in existence at the time of the alleged criminal act. *Lamb, supra.* The fact that the defendant suffers from some form of mental illness or defect will not alone establish lack of responsibility. *Id.*

Voluntary intoxication is not a defense to a crime, unless an accused is intoxicated to such an extent that he is incapable of forming the requisite element of criminal intent. *State v. Hoffman*, 227 Neb. 131, 416 N.W.2d 231 (1987). This doctrine would not provide a defense for the defendant in this case because in procuring liquor for a minor, the general criminal intent is supplied by the performance of the proscribed act. See *State v. Smith*, 221 Neb. 406, 377 N.W.2d 527 (1985). The offense does not involve a specific criminal intent, and under the circumstances of this case, voluntary intoxication did not provide a defense.

For the reasons stated, the ruling by the trial court on the defendant's motion was not erroneous.

The judgment is affirmed.

AFFIRMED.