■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN PERKINS, Appellant. [645 NYS2d 693] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment following a jury trial convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree. Defendant contends that three instances of prosecutorial misconduct deprived him of a fair trial; that the brief absence of the Trial Judge from the courtroom during voir dire constitutes reversible error; and that the court erred in refusing to charge criminally negligent homicide as a lesser included offense of murder in the second degree.

The comments of the prosecutor during voir dire did not deprive defendant of a fair trial (*see, People v Morrison*, 214 AD2d 366, 367, *lv denied* 86 NY2d 799; *see also, People v Plant*, 138 AD2d 968, *lv denied* 71 NY2d 1031). Defendant failed to preserve for our review his contention concerning the second alleged instance of prosecutorial misconduct, i.e., the demonstration by the prosecutor during cross-examination of defendant (*see,* CPL 470.05 [2]). In any event, that contention is without merit. The decision of defendant to testify made him subject to cross-examination by the prosecutor. Based upon our review of the record, we conclude that the court did not abuse its discretion in allowing the demonstration (*see, People v Barnes*, 80 NY2d 867; *see also, People v Acevedo*, 40 NY2d 701, 704). With respect to the third alleged instance of prosecutorial misconduct, we conclude that the court did not err in denying defendant's motion for a mistrial following the prosecutor's improper disclosure of the facts underlying defendant's conviction of possession of drugs in Virginia. There is overwhelming evidence of defendant's guilt, and there is no significant probability that the jury would have acquitted defendant but for the prosecutor's misconduct (*see, People v Crimmins*, 36 NY2d 230, 242; *see also, People v Johnson*, 219 AD2d 809, *lv denied* 87 NY2d 903).

We reject defendant's contention that the Trial Judge's brief absence from the courtroom during voir dire requires reversal; the Trial Judge went to his chambers to pick up a presentence report. We note that preservation of this issue is not required, because the failure of the Trial Judge to supervise the trial implicates "the organization of the court or the mode of proceedings prescribed by law" (*People v Patterson*, 39 NY2d

288, 295, *affd* 432 US 197). In this case, the chambers of the Trial Judge were adjacent to the courtroom and the door to his chambers was open during his brief absence. "While the right to a trial by jury, guaranteed by the Constitution of the State of New York (art I, § 2), means a trial at which a Judge presides (*People v Ahmed*, 66 NY2d 307, 311-312, *rearg denied* 67 NY2d 647), it does not necessarily follow that the absence of the Judge entitles a defendant to a new trial when [as here] his absence is de minimis and the defendant has not suffered any prejudice. Of course, the preferable practice would be that a Judge, faced with the need to absent himself, call a recess rather than leave the courtroom, even when his supervision seems not to be required" (*People v Toliver*, 212 AD2d 346, 348, *lv granted* 87 NY2d 908; *see also, People v Stewart*, 210 AD2d 938, *lv denied* 85 NY2d 943).

The court did not err in refusing to grant defendant's request to charge criminally negligent homicide as a lesser included offense of murder in the second degree. A lesser included offense is properly charged where it is impossible to commit the greater offense without by the same conduct committing the lesser included offense, and a reasonable view of the evidence supports a finding that defendant committed the lesser offense but not the greater (CPL 300.50 [1]; *People v Glover*, 57 NY2d 61, 63). While criminally negligent homicide can be a lesser included offense of murder in the second degree (*People v Brooks*, 163 AD2d 832, *lv denied* 76 NY2d 891), in this case there is no reasonable view of the evidence, viewed in the light most favorable to defendant, that defendant failed to perceive the risk of causing death when he fired two shots at the victim. (Appeal from Judgment of Onondaga County Court, Cunningham, J.—Manslaughter, 1st Degree.) Present—Pine, J. P., Lawton, Wesley, Balio and Davis, JJ.