STATE OF NEBRASKA, APPELLEE, V.
DAVID D. DITTER, APPELLANT.
587 N.W. 2d 73

Filed December 4, 1998.   No. S-97-1212.

David D. Ditter, pro se.

Don Stenberg, Attorney General, and Kimberly A. Klein for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

McCORMACK, J.

## NATURE OF CASE

David D. Ditter appeals from the district court's dismissal without an evidentiary hearing of his second motion for post-conviction relief. We affirm.

## SCOPE OF REVIEW

A defendant requesting postconviction relief must establish the basis for such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous. *State v. Dandridge, ante* p. 364, 585 N.W.2d 433 (1998).

## BACKGROUND

This is the third appearance of this case before this court. Ditter was charged with murder in the first degree for killing his wife. Ditter, pursuant to a plea agreement, entered a plea of guilty to the charge, and was sentenced to life imprisonment. Ditter instituted a direct appeal from his conviction and sentence, but because of jurisdictional defects, the only issue addressed on appeal was excessiveness of sentence. This court affirmed, noting that the trial court could not have imposed a lesser sentence. See *State v. Ditter*, 209 Neb. 452, 308 N.W.2d 350 (1981) (*Ditter I*).

Ditter thereafter instituted his first postconviction action pursuant to the Nebraska Postconviction Act, Neb. Rev. Stat.

§ 29-3001 et seq. (Reissue 1989). Ditter was appointed new counsel to assist him in his attempt to gain postconviction relief. The trial court determined that the pleadings and the file did not present grounds for postconviction relief and summarily denied the petition without an evidentiary hearing. Ditter appealed, and this court considered two consolidated assignments of error: (1) that Ditter's guilty plea was not knowingly, intelligently, and voluntarily made and (2) that Ditter's guilty plea was entered due to ineffective assistance of counsel. See *State v. Ditter*, 232 Neb. 600, 441 N.W.2d 622 (1989) *(Ditter II)*.

In reviewing the record, this court concluded in *Ditter II* that the trial court, in accepting Ditter's plea, had fully complied with the procedures set out in *State v. Irish*, 223 Neb. 814, 394 N.W.2d 879 (1986). This court further concluded that the transcript and records demonstrated that Ditter's trial counsel "did not coerce [Ditter] into changing his plea, but patiently and carefully explained the available options." *Ditter II*, 232 Neb. at 603, 441 N.W.2d at 624. In addition, this court concluded that Ditter's trial counsel competently represented him and that there was no evidence in the record, other than Ditter's " 'sudden' " change of mind, indicating that his plea was not voluntary. *Id.* at 607, 441 N.W.2d at 626. This court affirmed the trial court's denial of postconviction relief.

In his second motion for postconviction relief, Ditter again argues that his trial counsel rendered him ineffective assistance and that his guilty plea was coerced and was not knowingly, intelligently, and voluntarily made. However, Ditter alleges that the grounds relied upon in this motion did not exist at the time his first motion for postconviction relief was filed. Ditter alleges that it was not until his parole board hearing, which occurred after his first motion for postconviction relief, that he discovered his trial counsel had misled him about the benefits of his guilty plea. Ditter specifically alleges that before the parole board hearing, he was unaware that the parole board was not bound by any plea agreements and was unaware that the parole board could not parole him until he went to the pardons board and requested commutation of his sentence to a set number of years. Ditter alleges that because his trial counsel failed

to tell him these things, his guilty plea was involuntary because "he was misled about its' [sic] benefits and value," and that his trial counsel was ineffective for "misinforming him as to the real benefits (or lack thereof) of the plea bargain." Brief for appellant at 12.

The trial court held that any additional facts alleged in Ditter's second postconviction motion were clearly available at the time he filed his first postconviction relief motion. In addition, the trial court concluded that both of the issues raised in the second motion for postconviction relief were decided in the first motion. The trial court summarily denied the motion without an evidentiary hearing. The trial court also overruled Ditter's motion to produce, in which he asked for the transcript of his parole board hearing, and overruled his motion for the appointment of counsel.

## ASSIGNMENTS OF ERROR

Ditter assigns, restated, that the trial court erred (1) in failing to produce the transcript of the parole board hearing as requested by Ditter, (2) in dismissing Ditter's motion for postconviction relief, and (3) in failing to grant an evidentiary hearing.

## ANALYSIS

A defendant moving for postconviction relief must allege facts which, if proved, constitute a denial or violation of his or her rights under the Nebraska or U.S. Constitution. *State v. Burlison, ante* p. 190, 583 N.W.2d 31 (1998).

Once a motion for postconviction relief has been judicially determined, any subsequent motion for such relief from the same conviction and sentence may be dismissed unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the prior motion was filed. *Id.*

A motion for postconviction relief cannot be used to secure review of issues which were known to the defendant and could have been litigated on direct appeal. *Id.*

An evidentiary hearing on a motion for postconviction relief is required on an appropriate motion containing factual allegations which, if proved, constitute an infringement of the

movant's rights under the state or federal Constitution. *State v. Dandridge, ante* p. 364, 585 N.W.2d 433 (1998).

An evidentiary hearing may be denied on a motion for postconviction relief when the records and files affirmatively show that the defendant is entitled to no relief. *Id.*

In order to establish a right to postconviction relief based on a claim of ineffective counsel, the defendant has the burden to first show that counsel's performance was deficient; that is, counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law in the area. *State v. Johnson,* 243 Neb. 758, 502 N.W.2d 477 (1993). Next, the defendant must show that counsel's deficient performance prejudiced the defense in his or her case. *Id.* When the defendant has entered a guilty plea, counsel's deficient performance constitutes prejudice if the defendant shows with a reasonable probability that but for counsel's errors, the defendant would have insisted on going to trial rather than pleading guilty. *Id.* The record must affirmatively show that Ditter is entitled to no relief due to ineffective assistance of counsel, and the ineffectiveness is not to be judged by hindsight:

> We do not examine the claim of ineffective assistance of counsel as "Monday-morning quarterbacks" attempting to determine whether something might have been done that might have produced better results in light of what in fact transpired. What we are called upon to do is to determine whether a defendant was afforded his constitutional right by receiving effective assistance of counsel in light of recognized standards.

*State v. Hochstein,* 216 Neb. 515, 519, 344 N.W.2d 469, 472 (1984).

The standard for determining the validity of a guilty plea is whether or not it represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. *State v. Shepard,* 208 Neb. 188, 302 N.W.2d 703 (1981).

Ditter seeks to ground his allegations of ineffective assistance of counsel and a coerced plea in errors allegedly committed by counsel different than those cited for the same purpose in his prior postconviction relief attempt. The fact remains that a motion for postconviction relief may not be used to obtain a fur-

ther review of issues already litigated, and the mere fact that the issues are rephrased does not change that rule. See *State v. Luna*, 230 Neb. 966, 434 N.W.2d 526 (1989).

This court concluded in *Ditter II* that it was clear from the record that the trial court fully complied with the procedures set out in *State v. Irish*, 223 Neb. 814, 394 N.W.2d 879 (1986), for instructing defendants before they enter a guilty plea. This court also determined that the transcript demonstrated that Ditter's trial counsel did not coerce Ditter into changing his plea from not guilty to guilty, but, rather, patiently and carefully explained the available options. This court further concluded that the record indicated that Ditter's trial counsel competently represented Ditter. There was no evidence in the record, other than Ditter's "sudden" change of mind, indicating that his plea was not voluntary. Therefore, this court held that Ditter failed to show how he was prejudiced in the defense of his case by his attorney.

Ditter alleges that the grounds he is relying on in this motion for postconviction relief did not exist at the time of the filing of his first motion. Ditter claims that his trial counsel failed to fully instruct him on the effects of his guilty plea and that he did not discover this until his parole board hearing. However, during the first postconviction proceedings, Ditter was appointed a new attorney, different from his trial counsel. Therefore, Ditter and his new counsel had an opportunity to review the transcript and check the accuracy and completeness of what Ditter's trial counsel told him. As such, any relevant question concerning the accuracy and completeness of what Ditter's trial counsel told him about pleading guilty could have been litigated in Ditter's first motion for postconviction relief. We conclude that the trial court was correct in finding that the additional facts alleged in Ditter's second postconviction motion were available at the time he filed his first motion for postconviction relief.

On appeal from denial of Ditter's first motion for postconviction relief, this court rejected the claim of trial counsel's alleged ineffectiveness and the claim that Ditter did not enter his plea knowingly, intelligently, and voluntarily. Therefore, the issues Ditter raises in his second motion for postconviction

relief generally relate to the issues determined in *Ditter II* and were properly rejected for relitigation by the district court.

We further conclude that the trial court was correct in overruling Ditter's motion for order to produce.

## CONCLUSION

Since the file and record in this case affirmatively show that Ditter is entitled to no relief, the trial court properly denied Ditter's motion without an evidentiary hearing. The trial court also properly overruled Ditter's motion for order to produce.

AFFIRMED.