STATE OF NEBRASKA, APPELLEE, V. SCOTT L. SMITH, APPELLANT.
592 N.W.2d 143

Filed April 9, 1999.   No. S-98-390.

Julie E. Bear, of Reinsch & Slattery, P.C., for appellant.

Don Stenberg, Attorney General, and David T. Bydalek for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

McCORMACK, J.

## NATURE OF CASE

Scott L. Smith appeals from the trial court's dismissal, without an evidentiary hearing, of his motion for postconviction relief.

## SCOPE OF REVIEW

A defendant requesting postconviction relief must establish the basis for such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous. *State v. Ditter*, 255 Neb. 696, 587 N.W.2d 73 (1998).

## BACKGROUND

Smith was convicted in 1991 of the first degree murder of his mother, Linda D. Smith; the first degree murder of his sister, Amy Smith; and the attempted first degree murder of his father, Lynn Smith. Additionally, Smith was convicted of the use of a firearm in the commission of each of the felonies.

On direct appeal the only error raised was the trial court's denial of Smith's pretrial motion to suppress his confession. This court affirmed Smith's conviction. See *State v. Smith*, 242 Neb. 296, 494 N.W.2d 558 (1993).

Smith subsequently filed a motion for postconviction relief pursuant to the Nebraska Postconviction Act, Neb. Rev. Stat. § 29-3001 et seq. (Reissue 1995). Smith was appointed new counsel to assist him in his attempt to gain postconviction relief. In his motion, Smith contends he was denied effective assistance of counsel because his trial counsel failed to object to the jury instructions on the lesser-included offenses of second degree murder and/or attempted second degree murder, as those instructions did not contain the element of malice. Additionally, Smith contends that the trial court erred by refusing to submit jury instructions regarding the defenses of insanity and irresistible impulse and erred in directing a verdict precluding submission of these defenses to the jury. Smith also contends that the trial court erred in "permitting comment upon invocation of his right to remain silent." Finally, Smith alleges that his trial counsel was "deficient" in assigning only a single error on direct appeal and that Smith was prejudiced by the trial judge's failure to remain present in the courtroom during all phases of the trial.

The trial court issued an order denying Smith's motion without an evidentiary hearing. This appeal followed.

## ASSIGNMENT OF ERROR

Smith assigns that the district court erred in finding, without an evidentiary hearing, that Smith was not entitled to postconviction relief.

## ANALYSIS

A defendant moving for postconviction relief must allege facts which, if proved, constitute a denial or violation of his or her rights under the Nebraska or U.S. Constitution. *State v. Ditter, supra.* A motion for postconviction relief cannot be used to secure review of issues which were known to the defendant and could have been litigated on direct appeal. *Id.*

An evidentiary hearing on a motion for postconviction relief is required on an appropriate motion containing factual allegations which, if proved, constitute an infringement of the movant's rights under the state or federal Constitution. *State v. Silvers,* 255 Neb. 702, 587 N.W.2d 325 (1998). However, an evidentiary hearing is not required when a motion for postconviction relief alleges only conclusions of fact or law. *Id.* Also, an evidentiary hearing may be denied on a motion for postconviction relief when the records and files affirmatively show that the defendant is entitled to no relief. *Id.*

Smith first alleges in his motion for postconviction relief that he was denied effective assistance of counsel in that his trial counsel failed to object to the jury instructions for the lesser-included offenses of second degree murder and/or attempted second degree murder, as those instructions did not contain the element of malice.

In order to establish a right to postconviction relief based on a claim of ineffective counsel, a defendant has the burden to first show that counsel's performance was deficient; that is, counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law in the area. *State v. Ditter,* 255 Neb. 696, 587 N.W.2d 73 (1998). Next, the defendant must show that counsel's deficient performance prejudiced the defense in his or her case. *Id.* The two prongs of this test need not be addressed in order. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice,

that course should be followed. *State v. Marshall*, 253 Neb. 676, 573 N.W.2d 406 (1998).

On Smith's ineffective assistance of counsel claim, the trial court concluded that the failure to include malice in the second degree murder instructions was harmless error because the jury found Smith guilty of first degree murder and attempted first degree murder, and thus, the jury would never have reached the second degree murder instructions. Therefore, the trial court found that "[Smith] was not prejudiced by a missing element in the lesser-included offense instruction." At the time the trial court rendered its decision, this court followed a line of cases which held that malice is a necessary element of second degree murder and, by implication, attempted second degree murder. See *State v. Myers*, 244 Neb. 905, 510 N.W.2d 58 (1994). However, subsequent to the trial court's decision, this court held that all prior decisions interpreting Neb. Rev. Stat. § 28-304(1) (Reissue 1995) to include malice as a necessary element of the crime of murder in the second degree were clearly erroneous and are therefore overruled. See *State v. Burlison*, 255 Neb. 190, 583 N.W.2d 31 (1998). Therefore, we need not decide whether the trial court's reasoning was erroneous, because malice is not a necessary element of second degree murder or of attempted second degree murder. Thus, in considering the second prong of an ineffective assistance of counsel claim, we find Smith was not prejudiced by the absence of malice in the second degree murder instructions, and the failure of Smith's trial counsel to object to the instructions did not constitute ineffective assistance of counsel.

Next, Smith alleges in his motion for postconviction relief that his rights were violated by the trial court's refusal to submit an instruction to the jury regarding the defenses of insanity and irresistible impulse and that his right to present insanity as a defense was hindered by the trial court's directing a verdict upon the State's motion to prevent the jury from considering insanity as a defense.

Smith's allegation regarding irresistible impulse is without merit, as Nebraska does not recognize the concept of "irresistible impulse" as a defense. See *State v. Vosler*, 216 Neb. 461, 345 N.W.2d 806 (1984). Further, Smith has not alleged facts

which, if proved, would have entitled him to an instruction on insanity as a defense. Nebraska follows the *M'Naghten* rule as to the defense of insanity. The test of responsibility for crime is a defendant's capacity to understand the nature of the act alleged to be criminal and the ability to distinguish between right and wrong with respect to the act. *State v. Lesiak*, 234 Neb. 163, 449 N.W.2d 550 (1989). For an insanity defense, the insanity must be in existence at the time of the alleged criminal act. *Id.* Therefore, Smith needed to allege facts to show that there was evidence that he did not know right from wrong at the time the crimes were committed. Stated differently, Smith needed to show that there was evidence to support an instruction on insanity. Smith failed to allege any facts to support his conclusion that his rights were violated.

Smith's motion further alleges that his trial counsel was deficient in assigning a single assignment of error on Smith's direct appeal. Smith's motion states this conclusion but fails to set forth any facts to support it. Smith does not allege what other assignments of error his trial counsel should have raised, nor does he allege how he was prejudiced by his counsel's allegedly deficient performance.

Smith also alleges that his rights were violated by "permitting comment upon invocation of his right to remain silent." Again, Smith's motion does not state facts to support this conclusion. Smith needed to set forth what facts he was relying on, such as who made the comments, when the comments were made, what comments were made, and how the comments violated his rights.

Finally, Smith alleges that he was prejudiced by the trial judge's failure to be present in the courtroom during all phases of the trial. This allegation refers to the judge's absence from the courtroom while Smith's taped confession was played to the jury. As a general rule, a judge is required to be present at all stages of a trial. *Bright v. State,* 165 Tex. Crim. 291, 306 S.W.2d 899 (1957). However, this court has previously held that the absence of the trial judge from the courtroom is not always prejudicial. In *Shaffer v. State*, 124 Neb. 7, 244 N.W. 921 (1932), the defendant contended that the temporary absence of the trial judge from the courtroom during parts of the arguments to the

jury constituted reversible error. The court concluded that the record did not affirmatively show that any prejudicial error resulted, and as such, the judge's absence was not of such nature as to amount to reversible error. *Id.* See, also, *People v. Perkins*, 229 A.D.2d 981, 645 N.Y.S.2d 693 (1996) (right to trial by jury does not necessarily follow that absence of judge entitles defendant to new trial when judge's absence is de minimis and defendant has not suffered any prejudice); *McIntyre v. State*, 266 Ga. 7, 463 S.E.2d 476 (1995) (temporary absence of trial judge without suspension of trial is not basis for reversal unless complaining party shows prejudice resulting from absence); *State v. Arnold*, 314 N.C. 301, 333 S.E.2d 34 (1985) (absence of judge from proceedings will not constitute reversible error unless record shows that something occurred which would harm defendant); *Bright v. State, supra* (judge's absence from courtroom is not ground for reversal unless injury or prejudice is shown to have resulted therefrom, and judgment will not be reversed if appellant's bill of exceptions fails to show occurrence of anything of objectionable character during judge's absence).

In Smith's case, the record clearly reflects that outside the presence of the jury, the trial judge informed counsel that he was required to testify in a Douglas County Court first thing in the afternoon; that he would be willing to save time by having Smith's confession played to the jury in his absence if counsel and Smith agreed to this procedure; that the members of the jury would each be provided a copy of the transcript of the tape being played; that the court reporter would be present; and that there would be no comment at all by counsel during the playing of the taped confession. The State had no objection to this procedure, and after a recess was taken to allow defense counsel to confer with Smith, defense counsel reported to the trial court that neither he nor Smith had any objection to this procedure. The judge addressed the jury, telling them:

> Let me explain to you what we anticipate doing now. I have to be in Douglas County to be a witness in a case at twelve thirty. Actually be up there at twelve thirty. I may not testify until one or one thirty. I have spoken with counsel and this taped statement that's eighty some minutes

long or approximately eighty minutes long, it's appropriate to play it for you. It's not necessary that I be present, but I want you to understand that outside my presence then, of course, counsel are not allowed to make any comments or offer anything, and even though the reporter will be here, he won't be taking the statement down. There is going to be a transcript of the statement, a copy provided for each of you so you can follow along while the statement — while the taped statement is being played. With that in mind then, what we are going to do is take a luncheon recess. I am going to ask the bailiff to bring you back at about one fifteen. Come back in and at that time the statement will be played. Transcripts will be provided for you. Mr. Irwin will give them to the bailiff and she will give them to you once you get in the courtroom, and the statement will be played for you. I may sneak back in during the statement, depending on when I get back, or if in fact I am unable to get back by the time the statement is played, then you will simply automatically go back into recess until I get back here. Just so you understand what we are doing. With that understanding being given to you, then we will be in recess accordingly.

The record reflects that the judge returned before the tape ended. Further, Smith made no factual allegation of any activity during the judge's absence which would have resulted in prejudice. Smith's motion simply states the conclusion that "[Smith] was prejudiced by the Court's failure to remain present in the courtroom during all phases of the proceeding."

We disapprove of the trial being conducted in the absence of the judge. A recess should have been called while the trial judge was absent. In view of the fact, however, that Smith and his counsel specifically approved of this procedure and further that the record reflects that nothing other than the playing of the tape occurred during the trial judge's absence, we find that there was no prejudice to Smith.

In summary, Smith did not plead any facts in his motion for postconviction relief. Smith's motion alleges only conclusions of law. An evidentiary hearing is not required when a motion for postconviction relief alleges only conclusions of fact or law.

*State v. Silvers,* 255 Neb. 702, 587 N.W.2d 325 (1998). Therefore, Smith's pleadings do not allege sufficient facts to justify an evidentiary hearing.

## CONCLUSION

Since Smith's motion for postconviction relief alleges only conclusions of law, the trial court properly denied Smith's motion without an evidentiary hearing.

AFFIRMED.